## In re PETERSON.

### No. 5553.

District Court, W. D. Michigan, S. D.

Sept. 4, 1934.

Gray & Gray, of Benton Harbor, Mich., for petitioner.

William R. Stevens, of St. Joseph, Mich., for objecting creditor.

RAYMOND, District Judge.

This matter is before the court upon petition asking that the court set aside an order of dismissal entered upon recommendation of the Conciliation Commissioner on April 30, 1934, and to reinstate the case as of December 21, 1933. It also asks that reasonable time be granted petitioner in which to complete a loan with the Home Owners' Loan Corporation for the purpose of effecting redemption from a sale under foreclosure.

■ In all proceedings in federal courts, it is the duty of the court to take note of facts which point to lack of jurisdiction. Subdivision (r) of section 75 of the Bankruptcy Act (11 USCA § 203 (r) reads as follows: "For the purpose of this section and section 202, the term 'farmer' means any individual who is personally bona fide engaged primarily in farming operations or the principal part of whose income is derived from farming operations, and includes the personal representative of a deceased farmer; and a farmer shall be deemed a resident of any county in which such farming operations occur."

■ At the hearing upon the petition for reinstatement, petitioner testified that she possessed neither animals nor farming tools; that no farming was in progress during the year 1933, excepting for garden, on the premises in controversy; that for several years

her principal income had been from trucking, the trucks being operated by her son; that practically the only income was from the rental of four acres of the property for which she received $28 a year, an amount approximately sufficient for payment of taxes; that the dependence of the family for living is, in fact, upon the trucking business.

This testimony, which must be accepted as true, conclusively forecloses the jurisdiction of the court in proceedings under section 75 (11 USCA § 203), which relate only to agricultural compositions and extensions and limit the right to file such petitions to farmers.

It follows that the prayers of the petition must be denied, and an order will be entered accordingly.