### In re WILKIN.
### No. 16.

District Court, S. D. Iowa, Ottumwa Division.

Oct. 1, 1934.

Carr, Cox, Evans & Riley, of Des Moines, Iowa, and Karl F. Geiser, of Council Bluffs, Iowa, for Equitable Life Assur. Soc. of United States.

D. M. Anderson, of Albia, Iowa, for First Iowa State Bank of Albia, Iowa.

Frank A. Nichol, of Albia, Iowa, for debtor.

DEWEY, District Judge.

The above-entitled cause came on for hearing in open court at Des Moines, Iowa, on the 29th day of September, 1934, on a petition of certain creditors to review the orders of D. N. Clark, conciliation commissioner of Monroe county, Iowa, made on September 1, 1934.

The record discloses that a petition was duly filed by Vesper L. Wilkin, debtor, in this court, stating that he desired to effect a composition or extension of time to pay his debts under the provisions of section 75 of the Bankruptcy Act (11 USCA § 203), that said petition was approved, and that a notice as provided by the act of March 3, 1933, was duly given to all creditors. Pursuant to the notice a meeting was held on September 1, 1934. At this meeting the commissioner presided and the attorneys for the Equitable Life Assurance Society of the United States

appeared and demanded that the presence of the debtor be required and that the company have the right to examine him before any further proceedings were had. This request was refused by the commissioner, and an exception to his ruling was duly taken by said creditor, and presents the first question for review.

The ruling of the commissioner was based upon two rules: First, that section 7 of the Bankruptcy Act (11 USCA § 25) excepted a debtor from attending and being examined at the first meeting of his creditors where such meeting was held at a place more than 150 miles distant from his home or personal place of business, unless ordered by the court or a judge thereof, for cause shown, and the bankrupt should be paid for actual expenses from the estate when required to attend at any other place other than the city, town, or village of his residence; second, that the creditors had not filed any claim or offered to do so before the commissioner.

Rule 6 promulgated by this court provides: "At the first meeting of creditors the farmer must attend and may be examined by the conciliation commissioner or by the creditors."

The court has authority to promulgate rules of procedure, and, when so promulgated, have the force and effect of laws. They may not be enforced if contrary to law or at variance with congressional enactments wherein procedure is sought to be clarified. This rule does not conflict with section 7 of the Bankruptcy Act, as it expressly refers to a bankrupt, and the debtor herein is not a bankrupt.

Unless the rules of this court are attacked and set aside by a party in interest, the commissioners are bound by those rules, as they have the force and effect of law until so set aside.

The very nature of the proceedings indicates the necessity of an examination of the debtor. In fact, the main advantage of the act is that of a composition or extension, and unless the debtor shows a fair and frank disposition to disclose all matters pertaining to his estate or touching the jurisdiction of the court, a composition is rendered difficult.

█ The commissioner also ruled that the creditors had no standing to demand such an examination, unless they filed and had allowed their claims in the proceedings. In this also I think the commissioner was mistaken, as the following cases hold otherwise and

clearly show that where a creditor is named as such in the debtor's schedule he is to be considered by the referee as a prima facie creditor and has a right to examine the debtor to determine whether or not he cares to file a claim in the proceedings, if the filing of such a claim is rendered necessary by the act. In re Jehu (D. C.) 94 F. 638; In re Walker (D. C.) 96 F. 550; In re Kuffler (D. C.) 153 F. 667; In re Rose (D. C.) 163 F. 636; In re Samuelsohn (D. C.) 174 F. 911.

█ Prior to the creditors' meeting the debtor filed a proposal for composition and extension, and the creditors present stated that they would refuse the offer and demanded that the case be dismissed. This was overruled by the commissioner, and he was clearly right. The purpose of the act is to endeavor to obtain a composition or settlement between debtor and creditor, if possible, and this may not be accomplished at the first meeting. The commissioner should, if reasonable request is made by either the debtor or the creditors, continue the first meeting and permit the parties to endeavor to work out a conciliation agreement, if possible. This procedure can only be continued for a reasonable time.

Rule L, subd. 4, of the amendment to the General Orders in Bankruptcy, promulgated by the Supreme Court on April 17, 1933 (11 USCA § 53), with reference to proceedings under section 75 of the act, is somewhat analogous, although it refers only to a confirmation. It provides: "4. If the farmer has not applied for confirmation within such reasonable time as has been finally fixed therefor, which shall be not later than three months after the date of the first meeting the conciliation commissioner shall, unless the judge for cause shown shall have permitted a further extension, forthwith report the facts to the judge, who shall thereupon dismiss the proceedings."

█ The above objections having been overruled at said meeting, the debtor filed an amendment to his petition asking for the appraisal of his property under the provisions of section 75 (s) of the act, 11 USCA § 203 (s). Thereupon the commissioner called for designations of appraisers as provided by the rules of this court. The creditors objected to the designation and appointment of appraisers, urging that the conditions precedent to the operations of subdivision (s) of section 75 of the act had not been complied with. This objection was also overruled, and

the debtor and some of the creditors designated appraisers.

This presents for ruling the most important question with reference to procedure under subdivision (s) of section 75 of the act (11 USCA § 203 (s). Judges of federal courts and referees have given considerable time and study to the question. It was my first conclusion, and the supplemental rules promulgated by this court on July 7, 1934, indicate, that the first sentence of the Frazier-Lemke Act (section 75 (s) gave to a debtor a discretion and that he might still have the benefits, if any, of subdivision (s), although not electing to filed a petition asking to be adjudged a bankrupt. There are reasons why this should be the interpretation, if possible. The intention of the framers of section 75 of the act evidenced a desire to keep down the expenses and the necessity for immediate relief, if possible, is apparent. In so deciding, however, I was required to disregard the first sentence of subdivision (s), and I am now convinced that this cannot be done; but this sentence must be read in connection with the other provisions of the act. In thus reading it I am now firmly of the opinion that proceedings under section 75 (s) of the act cannot be maintained except and until an adjudication in bankruptcy. Even without this ruling this court had long been of the opinion that none of the provisions of section 75 (s) of the act could be available to a debtor until all the provisions of the act with reference to composition and extension (section 75 (a–r), 11 USCA § 203 (a–r), had been exhausted and that such exhaustion of those remedies must be a condition precedent to the appointment of appraisers under subdivision (s).

The result of these rulings must be that all of the proceedings and orders of the commissioner at the meeting of September 1, 1934, should be and are hereby set aside, and the cause remanded to the commissioner, with directions to continue the first meeting of the creditors to a reasonable time after the receipt of this order and notify the creditors of such adjourned meeting; also the debtor that he must appear for examination, and to take such further proceedings as may be authorized by the act not in conflict with this opinion.

To conform to the rulings herein the court found it necessary to and did on September 29, 1934, withdraw and annul the additional rules promulgated on July 7, 1934, and enacted in lieu thereof rules for the guidance of referees in bankruptcy and conciliation commissioners which have already been sent to each commissioner and referee in the Southern district of Iowa; to all of which Vesper L. Wilkin, debtor, and the Equitable Life Assurance Society of the United States duly except.