## In re McMURRAY.
### No. I.

District Court, S. D. Iowa, Ottumwa Division. Oct. 26, 1934.

Miller, Everett & Miller, of Albia, Iowa, for objecting creditor.

Mabry & Mabry, of Albia, Iowa, for debtor.

DEWEY, District Judge.

The first debtor's petition filed in this district under the amendment to the Bankruptcy Act of March 3, 1933 (section 75 [11 US CA § 203]), was by Earl McMurray of Monroe county.

This debtor's petition was filed with the clerk of this court on August 1, 1934, wherein the debtor alleged that he was a farmer and that it was desirable to effect a composition or an extension of time to pay his debts. This petition was approved by the court and referred to D. N. Clark, conciliation commissioner for Monroe county, Iowa.

On August 6, 1934, due notice was given as provided by the act to creditors of a meeting to be held on August 18, 1934, at Albia, Iowa.

On August 7, 1934, an application was filed by the debtor asking that certain property be set aside to him as exempt, and on August 10, 1934, the commissioner set aside to the debtor certain property as exempt, including the real estate claimed by the debtor as his homestead and described in his schedule.

Prior to the creditors' meeting, the debtor filed a proposition of composition, in effect, to pay $500 over a term of years.

At the first meeting of the creditors, August 18, 1934, Alvia Hiatt appeared by counsel and made several motions: (1) Objecting to the composition and extension proposal; (2) to dismiss the petition for want of jurisdiction over the debtor as a farmer or over the property; and (3) for an order

finding that the real estate was not an asset of the debtor.

At the first meeting of creditors, appraisers were designated by the parties, and such appraisers notified of their appointment.

On August 29, 1934, a memorandum opinion was filed by the commissioner, and on September 1, 1934, an order entered by him overruling all objections and motions of Alvia Hiatt and retaining jurisdiction over the real estate. It is from this order that a review is asked in this court.

As this was the first proceedings before the commissioner at Albia, Iowa, the memorandum of the commissioner sought to interpret section 75 (a–r) of the Bankruptcy Act as amended (11 USCA § 203 (a–r), and such memorandum opinion shows much study and learning on the part of the commissioner.

As his memorandum and order was made prior to the change of the local rules by this court dated September 29, 1934, the commissioner applied the law under the theory of the old rules, and naturally made orders that in his certificate he recognizes must now, under the new rules, be set aside in so far as the appointment of the appraisers is concerned and should be set aside and expunged from the record.

The debtor was examined at this first meeting, and the evidence discloses in brief that the debtor purchased by conditional contract from Alvia Hiatt the real estate consisting of six city lots in the town of Albia, Iowa, for the sum of $1,000, to be payable $10 a month with interest, to pay the taxes, etc.; that he has been living on the real estate since he purchased it in October, 1932; that he only paid the $10 payments for six months, and has not paid any since that time or paid the taxes. The lots comprise about 1⅔ acres, and, outside of some earned milk and help from the county, his truck gardening on these lots has been his only source of income for the past fourteen months.

Notice of forfeiture was served on him on May 25, 1934, but was not recorded until August 17, 1934, which was after the petition was filed in this proceeding. On the ground that the notice of forfeiture was not recorded until after these proceedings were instituted, it was the opinion of the commissioner that the forfeiture was without effect, at least as far as these proceedings were concerned.

The debtor's proposal of composition was not accepted by the creditors.

At the conclusion of the examination, the commissioner fixed a time, less than three months, within which the debtor might file application for the confirmation of his proposal, but the time was extended to October 13, 1934. On September 27, 1934, an order was entered closing the creditors' meeting.

These proceedings and the petition of review raise several questions:

(1) May the commissioner set off a homestead as exempt property?

(2) May the commissioner set down for hearing, and has he the power or authority to set down for hearing, an application for confirmation before the debtor's proposal of composition has been approved by his creditors?

(3) Has the commissioner the power or authority to determine an issue as to title of real estate and whether the executory contract of sale had or had not been forfeited?

(4) Has the commissioner power or authority to hold the real estate of the debtor for the purposes of administration?

(5) May the conciliation commissioner appoint appraisers?

(6) Has the commissioner authority to close the first meeting of creditors when no composition or extension proposal has been accepted by the creditors?

(7) Has the commissioner power or authority to determine whether the debtor is a farmer within the definition contained in the act?

There are other questions, but these are the main ones for determination.

█ The question whether the commissioner has power to appoint appraisers has already been answered in the negative, and is so recognized by the commissioner, as that can only be done by the referee in bankruptcy after a petition has been filed at the first meeting of creditors by the debtor asking that he be adjudged a bankrupt and the case properly referred to a referee in bankruptcy.

Before answering the other questions presented, a general résumé of the law and authority and power of the court and its officers may be helpful.

█ The power and authority of the court, the judge, the commissioner or referee, and of other officers is limited to the authority granted by the act itself.

The act provides (section 75 (n), 11 USCA § 203 (n): "The filing of a petition pleading for relief under this section shall subject the farmer and his property, wherever located, to the exclusive jurisdiction of the court. * * * *"

452

■ "Jurisdiction" means the authority or power which a man has to do justice in causes of complaint brought before him; the power and authority to declare the law. 35 C. J. p. 426.

■ The first sentence in subsection (n) of section 75 quoted above has to do with jurisdiction and not with the possession or control of the property.

The next sentence in subsection (n) provides: "In proceedings under this section, except as otherwise provided herein, the jurisdiction and powers of the court, the title, powers, and duties of its officers, the duties of the farmer, and the rights and liabilities of creditors, and of all persons with respect to the property of the farmer and the jurisdiction of the appellate courts, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the farmer's petition or answer was filed."

What, then, are the jurisdiction and powers of the court; the title, powers and duties of its officers; the duties of the farmer; and the rights and liabilities of creditors where a voluntary petition has been filed and a decree of adjudication had in bankruptcy?

The powers and jurisdiction of the court and judge as distinguished from the power and jurisdiction of the officers of the court, such as the referee or trustee, need not be recited here. They are contained in the act.

■ Upon an adjudication in bankruptcy, the title to all the property of the debtor, unless it be exempt property, passes into the hands of the court, and upon the appointment of a trustee the title vests in him, at least the title to that property which is in the possession of the debtor at the time of the adjudication and subject, of course, to all valid liens. See section 70 of the Bankruptcy Act, as amended (11 USCA § 110).

Rule 11 of General Order 50 of the amendments to the Bankruptcy Rules promulgated by the Supreme Court on April 17, 1933 (11 USCA § 53), provides: "Insofar as is consistent with the provisions of section 75 * * * and of this general order, the conciliation commissioner shall have all the powers and duties of a referee in bankruptcy and the general orders in bankruptcy shall apply to proceedings under said section. * * * *"

In general, the powers and authority of a referee in bankruptcy are set out in section 38 of the Bankruptcy Act as amended (11 USCA § 66).

In addition to these powers, the amendment of March 3, 1933 (section 75), gives to the conciliation commissioner the power: (1) To accept original petitions for composition or extension and transmit them promptly to the clerk of court for filing; (2) to promptly call the first meeting of creditors, to give notice thereof that the farmer proposes to offer terms of composition or extension as provided by subsection (e) of section 75 (11 USCA § 203 (e); (3) to preside at the first meeting of creditors; (4) to exercise control over the property of the farmer between the filing of the petition and prior to the final disposition or confirmation of the composition or extension proposal; and (5) to prepare or have prepared under his supervision the final inventory of the farmer's estate.

■ Also, after a debtor's proposal has been accepted by the creditors, power is given to the commissioner, after hearing the parties in interest, to fix the time when an application for confirmation shall be made to the judge. Considering the law with reference to compositions as contained in section 12 of the Bankruptcy Act, as amended (11 USCA § 30), it is plain that the fixing of the time by the commissioner when an application for confirmation shall be made should only be done after a bona fide proposal has been accepted by the creditors.

Rule 6 of General Order 50 adopted by the Supreme Court (11 USCA § 53) requires action on the application for confirmation to be had by the judge.

■ It should be kept in mind that, where the act provides that the court may exercise certain power or authority, it has reference to the administration of the estate by the referee or commissioner when within his delegated powers and authority, but, in all cases where the act or the rules of the Supreme Court require proceedings to be had before the judge, it has reference to the judge of the District Court and not to the commissioners or referees. MacDonald v. Plymouth County Trust Co., 286 U. S. 263, 268, 52 S. Ct. 505, 76 L. Ed. 1093.

Rule 3 of General Order 50 adopted by the Supreme Court (11 USCA § 53) provides that, prior to the first meeting of the creditors, the conciliation commissioner shall set off to the farmer the exemptions to which the farmer is entitled.

■ The state laws govern as to exemptions in bankruptcy, and it has been generally held in this state that an homestead is an exemption, and the bankruptcy courts of this state

have generally considered the homestead as exempt.

It is here unnecessary to determine the effect of this ex parte order before the first meeting of the creditors, except as to its effect on the title to the property claimed by the debtor to be exempt and set off to him as such by the commissioner.

Remington on Bankruptcy (3d Ed.) § 1280, says: "The bankruptcy court is without power to administer exempt property, save and except merely to determine it to be exempt and set it apart as such; and the bankruptcy court will not undertake to determine the validity, extent nor priority of liens thereon or rights therein. As soon as the trustee has properly set off the bankrupt's property, all the trustee's rights, even that of mere custodian, cease, and after the trustee's report has been finally approved, the bankruptcy court is without control over the property and without power to determine any rights thereto."

█ The real estate claimed by the debtor to be his homestead when set off to him passed out of the control of the commissioner and the court, and the order of the commissioner retaining jurisdiction of the real estate was ineffective. Section 75 (j) of the act (11 US CA § 203 (j).

If the notice of forfeiture was before that ineffective until recorded, it now has the same effect as though the debtor's petition had not been filed.

█ As to the second question above, I find no power or authority to the commissioner or referee in bankruptcy to confirm a composition proposal or to assume to himself the authority to act upon or accept any proposal of composition or extension. This is a matter for the creditors, and, before there can be any application for a confirmation, there must be an agreement by more than 50 per cent. of the creditors accepting the offer made by the debtor. After there has been such an agreement by a majority of the creditors in number and amount, then the commissioner is given the authority to fix a reasonable time within which application for confirmation shall be made or extend the time for cause shown. But this has reference to the application for confirmation to be made to the judge, as shown by the Bankruptcy Act itself and as interpreted by rule 7 of General Order No. 50 adopted by the Supreme Court (11 USCA § 53).

█ As to the third question, generally disputes, with reference to title and as to the possession of property not in the hands of the court, are referred to the referee as a special master or are determined by plenary action in a court of competent jurisdiction. Within certain limitations, the parties may expressly or impliedly consent to a hearing on various questions before a referee in bankruptcy.

█ As to the fourth question, the act itself gives the commissioner the power and authority to control the property of the debtor between the filing of the petition and the determination of the question whether the proposal of composition or extension can be agreed upon between him and the creditors.

The fifth question has already been answered.

█ As to the sixth question, it is apparent that some acts may be performed and action had before the commissioner after the first meeting of the creditors. However, it would appear that the act contemplates that the debtor must at the first meeting of the creditors either present a proposition of composition and have it accepted or amend his petition and ask to be adjudged a bankrupt. If the meeting were closed without this being done, it might follow that the commissioner would have to dismiss the proceedings on motion.

The burden is on the debtor to obtain acceptance of his proposal from the creditors. (Rule 11 of this court.)

Whether a debtor can get his creditors to accept his proposal should, if possible, be decided at the first meeting, and, outside of exceptional cases, it should be done at this meeting or at least within an adjourned meeting of not less than 10 days. These proceedings contemplate a prompt offer of compromise or extension by the debtor to pay his debts. This must be undertaken expeditiously and proceeded with diligence. The debtor should not be kept out of his property nor the creditor deprived of his rights to enforce his lien for any longer time than is necessary for a probable acceptance of the proposal of the debtor. When apparent that this cannot be promptly done, the proceedings should on motion be dismissed unless the debtor asks to be adjudged a bankrupt.

In this connection attention should be called to a provision of the act (section 75 (k), 11 USCA § 203 (k), providing that " * * * such composition or extension shall not reduce the amount of nor impair the lien of any secured creditor, but shall af-

fect only the time and method of its liquidation."

■ As the judge cannot confirm a composition or extension proposal that seeks to impair any lien, it is apparent that no proposal of the creditor, as in this case, containing such an impairment, should be permitted by the commissioner or passed upon by the creditors, unless all the creditors consent.

■ I do not find any authority in the act giving the commissioner authority to pass upon the jurisdictional question of whether the debtor is a farmer.

■ Had the creditor filed objections to the commissioner passing upon this question, it would have to be here sustained. But the creditor himself raised the question before the commissioner, and in so doing may have waived his right to have the matter tried in a plenary suit, and, having consented to the authority of the commissioner, cannot now say that the commissioner was without authority.

The question whether the debtor here is a farmer within the meaning of the act as such under the evidence is interesting.

■ Section 75 of the Bankruptcy Act applies only to farmers. The definition of a farmer is set out in subsection (r), (11 US CA § 203 (r), as one engaged in, or whose income is derived from, "farming operations." I am unable to convince myself that this means any operation that may be, or similar to, the work of a farmer. Farming, as we understand it in Iowa, means operating a farm—six city lots in the city of Albia do not constitute a farm, at least not in this section of the country.

My attention is called to the case of Wulbern v. Drake (C. C. A.) 120 F. 493, but, as the debtor in that case operated more than 1,200 acres of land, it is not authority in this case.

I have read all the cases I can find on the subject, but do not find any authorities directly in point. The nearest is the case of Swift v. Mobley (C. C. A.) 28 F.(2d) 610, holding that a person living on a tract of land two miles from a town with about twelve acres of land, a part of it used by a tenant and the balance by the debtor to raise chickens, does not make the debtor a farmer.

I find that the evidence fails to show the debtor to be a farmer within the class defined in the act, and this proceeding should be dismissed for lack of jurisdiction.

Many questions are being raised before conciliation commissioners that require more time and attention than their importance merits. The duties of the commissioner are simple and plain, and the question whether or not a composition can be had should be promptly decided instead of trying to determine intricate questions that may arise and that require the taking down of evidence and involve lengthy hearings and expense. Whether a composition can be obtained should be apparent to the commissioner at the first meeting of the creditors, and, if it appears that the probabilities are against such a composition, the case should be either dismissed on motion or the debtor required to amend, if he cares to do so, and be adjudged a bankrupt.

It appearing that the debtor is not a farmer within the meaning of the act, the cause and proceedings herein are dismissed, and the commissioner directed to lodge all records with the clerk, as provided by rule 7 of this court.

Debtor excepts.