194

John V. Goodson, of Macon, Mo., for petitioner, Ethel M. Rice.

DAVIS, District Judge.

The debtor filed a petition under section 75 (c) of the Bankruptcy Act, 11 USCA § 203 (c), which was referred to the conciliation commissioner of Macon county, Mo., wherein debtor resided and operated a farm. Upon failing to effect a composition or extension of time to pay her debts, the debtor has filed an amended petition under subsection (s) of the said section 75 (11 USCA § 203 (s).

The question has now arisen as to whether the amended petition should, upon the entry of the order of adjudication, be referred to the conciliation commissioner of Macon county, who has heretofore handled the case, or whether it should be referred to the duly appointed referee in bankruptcy, at Hannibal, Mo., who has charge of the administration of bankruptcy cases in the Northern Division of this District.

Subsection (s) in paragraph (2) mentions "the referee," and in paragraph (4) mentions "the referee in bankruptcy," but this amendment nowhere expressly mentions the "Conciliation Commissioner." This has led to some confusion as to what officer should administer the proceeding under the amended petition.

We have difficulty in seeing how there can be any question about this matter. Section 75 (a), as amended by Act June 7, 1934, § 8 (11 USCA § 203 (a), provides that every court of bankruptcy shall appoint in each county, having a population of 500 or more farmers, "one or more referees to be known as 'conciliation commissioners'"; that no individual shall be appointed "unless he is eligible for appointment as a referee," and, in addition, is a resident of the county and familiar with agricultural conditions therein. This evidently refers to the qualifications of a referee in bankruptcy as provided by section 35 of the Bankruptcy Act (11 USCA § 63).

Rule 11, General Order 50, proceedings under section 75 of the act (11 USCA § 203), promulgated by the Supreme Court, 11 USCA 53 (April 24, 1933), provides that conciliation commissioners "shall have all the powers and duties of a referee in bankruptcy." Since conciliation commissioners are required to have the same qualifications as referees in bankruptcy, and are clothed with the same powers and duties, they are such referees, with a jurisdiction limited to the county.

There are other considerations that lead to the same conclusion. In providing for the appointment of a "referee" to be known as "Conciliation Commissioner" in every county, the Congress must have been mindful of the convenience, and the expense to debtors and others concerned, and the peculiar local conditions for which regard should be had in the administration of the farmer debtor act. These considerations are equally important, in a proceeding under subsection (s), § 75 (11 USCA § 203 (s). The administration of the appraisal provision is an illustration of the desirability of having these cases under the control of an officer present in the county.

In this case the management of the proceeding to this point has been in charge of the conciliation commissioner of Macon county, who has now become familiar with the condition of this debtor and her estate. The debtor has filed an amended petition, and it would seem that the same officer could most efficiently proceed with the administration of this case. It is a very unusual situation if the filing of an amended petition is to effect a change in the officer administering the proceeding, and to remove the case from the county, to a referee located at some distant place in the District.

Subsection (s) is merely an amendment to section 75, for the administration of which provision is made in that statute. The referee, known as conciliation commis-

sioner, has been appointed, has qualified, and is now acting in the discharge of his duties. Certainly the same officer should continue to handle the proceeding under this amendment, unless a clear intent to the contrary has been made manifest by the statute. No such a purpose is to be ascertained, but every requirement of the added section is consistent with the idea that the conciliation commissioner should continue to conduct proceedings when an amended petition is filed under subsection (s).

There may be good reasons advanced for the conduct of these cases by the regular referee in bankruptcy instead of the conciliation commissioners. Those reasons would likely be equally applicable to all proceedings under section 75. But those are questions of policy which we must assume that the Congress gave consideration. The statute adopted creates a plan of administration by referees located in the various counties, and the courts should give effect to that portion of the law, even though it be thought that this method is ill advised.

The amended petition is referred to the conciliation commissioner of Macon county, instead of the referee in bankruptcy at Hannibal, Mo.