**In re WEIS.**

**No. 8941.**

District Court, S. D. Iowa, Central Division.
Feb. 6, 1935.

Geo. E. O'Malley, of Des Moines, Iowa, for debtor.

E. A. Lingenfelter, of Des Moines, Iowa, for objecting creditors A. I. Madden and Madden Realty Co.

DEWEY, District Judge.

The above-entitled cause came on for hearing in open court on February 2, 1935, at Des Moines, Iowa, on a petition of the Madden Realty Company and A. I. Madden to review a certain order made by the referee in bankruptcy, on December 14, 1934, which said order finds that the court has jurisdiction of the property sought to be reclaimed by petitioner here and finding that the bankrupt is a farmer within the meaning of section 75 (r) of the Bankruptcy Act (11 USCA § 203 (r).

The facts before the referee in bankruptcy were stipulated as follows:

"It is mutually agreed between the parties hereto that the bankrupt, Grace Mary Weis, was a purchaser under the terms of a land contract with A. I. Madden, a copy of which is attached hereto and made a part hereof, and marked Exhibits 'A' and 'B' for Lots 1170 and 1171 Four Mile Plat 2, Polk County, Iowa, and also Lots 1199 and 1200 Four Mile Plat 2, Polk County, Iowa, under and by reason of the terms of the contract attached hereto and made a part hereof and marked Exhibit 'C.'

"That thereafter on the 28th day of July, A. D. 1934, the aforesaid Grace Mary Weis, being in default on said contracts, the Madden Realty Company assignee of said contracts, endeavored to forfeit same by the service of notice of declaration of forfeiture of said contracts, copies of which are attached hereto, marked Exhibits D and E, and made a part hereof.

"It is further agreed that thereafter and on the 28th day of August, A. D. 1934, and before the thirty day period for forfeiture had run, the said Grace Mary Weis filed her proceeding in bankruptcy in this court under Section 75 of the National Bankruptcy Act, as amended by the Act approved on June 28, 1934, and was thereafter adjudged a bankrupt under sub-section S of Section 75 [11 USCA § 203 (s)], and asking thereunder that her exemptions be set off to her and that she be allowed to retain possession of Lots 1170 and 1171 and Lots 1199 and 1200 Four Mile Plat 2, Polk County, Iowa; that the Madden Realty Company, assignee of A. I. Madden, appeared in said bankruptcy proceeding and protested the prayer of the bankrupt and filed a reclamation claim for said real estate and praying that said real estate be returned to him and that he be allowed to retake the same and complete the forfeiture heretofore began by him.

"It is further agreed that A. I. Madden and Arch I. Madden assigned said contracts to the Madden Realty Company and that Fred Madison assigned his interest in said contracts to Grace Mary Weis prior to the bankruptcy proceedings herein.

"It is further agreed that Grace Mary Weis, bankrupt, is a married woman and that the bankrupt's husband is a coal miner whose employment for the last four years has not averaged over four months per year. That said real estate purchased hereunder comprises approximately four and one-half acres and the said bankrupt lives on said land with her family and has occupied it for approximately four years; that the said bankrupt has cultivated and farmed said land over such period and her income has been exclusively, except for some relief the last twelve months, from the crops and produce she has raised from said farm.

"It is further agreed that the said Grace Mary Weis has two cows, some 200 chickens, and three hogs and five pigs, and during the crop years for the last four years, she has raised from two to three acres of corn, one-half acre of alfalfa, some soy beans; has also raised raspberries, grapes, tomatoes and cabbages, and has also sold milk and eggs.

"It is further agreed that the said land is outside the city limits of Des Moines, Iowa."

■ The parties agreed to argue only the jurisdictional question whether or not under the facts the debtor is a farmer within the meaning of section 75 (r) of the Bankruptcy Act (11 USCA § 203 (r); but as the other question, to wit, whether or not the court has jurisdiction of the property sought to be reclaimed by the petitioner herein, is also jurisdictional and as the federal court must notice facts which point to lack of jurisdiction, both questions should be here passed upon.

It seems to be the general tendency of the courts to hold that a truck gardener or a person operating a small tract of real estate to aid the income of the family is not a farmer. In re Peterson (D. C.) 8 F. Supp. 86; In re Palma Brothers (D. C.) 8 F. Supp. 920; In re Fullagar (D. C.) 8 F. Supp. 602; In re Earl McMurray (D. C.) 8 F. Supp. 449.

■ It would appear from the facts as agreed above and the list of property set out in the schedule of the debtor, and the fact that the debtor is a housewife, that she and her husband were raising some cows, pigs, and chickens on the tract of land, which she was holding under a conditional land contract, that the debtor is not engaged in "farming operations."

The other question is more decisive.

■ This court has jurisdiction of the debtor and her property. It does not appear here that the debtor has any property that can be administered upon under the provisions of section 75 of the Bankruptcy Act, as amended (11 USCA § 203). While there was a trustee appointed in this case, under the act a trustee upon his appointment and qualification is vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt to all property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him.

■ The debtor, from the record and statements made to the court in argument, is not the owner of the real estate sought to be administered upon, but has the possession of the same under an ordinary purchase agreement. She therefore does not have any property except the rights given to her under the contract itself. The trustee suggested in open court that she had an equitable title to the land, but it does not make any difference what you call her rights; it is that right which is plainly set out in the written instrument itself, to wit, the right of purchase. To permit an appraisement of this real estate, for the purpose of fixing the amount which the debtor would have to pay therefor in contravention of the express terms of the contract, would be to appraise the property of some person other than the debtor. The only appraisement that could be had would be her interest in the real estate, which would be her right of purchase. It is not shown here that that is of any value. I am clearly of the opinion that there is no real estate here owned by the debtor which can be administered upon by this court and the same should be released by the referee in bankruptcy.

The order asked to be reviewed should be set aside with directions to the referee to sustain the petition of reclamation filed by the Madden Realty Company and A. I. Madden, and to dismiss this case for lack of jurisdiction. Grace Mary Weis, bankrupt, excepts.