## In re DOTY.
### No. 939.

District Court, W. D. Washington, N. D.
March 8, 1935.

Henry R. Newton and Fred A. Knutsen, both of Spokane, Wash., for petitioner, Federal Land Bank of Spokane.

Virgil Peringer, of Bellingham, Wash., for debtor.

BOWEN, District Judge (after stating the facts as above).

Section 75 (s), 11 USCA § 203 (s) provides: "Any farmer failing to obtain the acceptance of a majority in number and amount of all creditors whose claims are affected by a composition or extension proposal, or if he feels aggrieved by the composition or extension, may amend his petition or answer asking to be adjudged a bankrupt. * * *"

Under section 75 (s), par. (1), 11 USCA § 203 (s) (1), it is provided: "Upon such a request being made in the petition or answer, at the time of the first hearing, appraisers shall be designated and appointed. * * *" And in paragraph (2), 11 USCA § 203 (s) (2), it is further provided that: "After the value of the debtor's property shall have been fixed by the appraisal as herein provided, the *referee* [italics supplied by the court] shall issue an order setting aside to such debtor his exemptions as prescribed by the State law, * * * and shall further order that the possession, under the control of the court, of any part or parcel or all of the remainder of the debtor's property, shall remain in the debtor subject to a general lien, as security for the payment of the value thereof *to the trustee of the creditors, if a trustee is appointed* * * *." (Italics supplied by the court.) Paragraph (3) of said section 75 (s), 11 USCA § 203 (s) (3), provides: "Upon request of the debtor, and with the consent of the lien holder or lien holders, the trustee, after the order is made setting aside to the debtor his exemptions, shall agree to sell to the debtor any part, parcel, or all of the remainder of the bankrupt estate at the appraised value upon the following terms and conditions, and upon such other conditions as in the judgment of the trustee shall be fair and equitable. * * *" Paragraph (4) of section 75 (s), 11 USCA § 203 (s) (4), specifies the conditions upon which the debtor may consume or dispose of the property covered by the general lien to the trustee, if a trustee is appointed, and providing he pays to the trustee the appraised value of the part he agrees to purchase from the trustee, "or he may put up a bond approved by the *referee in bankruptcy*" (italics supplied by the court) conditioned that he will make the payments to the trustee, etc.

From the foregoing it is apparent that Congress by section 75 (s) intended that in cases where the farmer fails to obtain a composition or extension agreement with his creditors in the debtor proceedings provided by the Act of March 3, 1933 (section 75 (a–r), amended by Act June 7, 1934, §§ 8, 9 (11 USCA § 203 (a–r), then and in that event the farmer can, by amending his petition or answer as provided in section 75 (s), become a voluntary bankrupt, in which case the title to all the farmer's property upon adjudication comes into the custody of the law and passes to a trustee for the creditors, if a trustee is appointed, with the right to the farmer to purchase the property back from the trus-

tee in accordance with the provisions of section 75 (s). The lawmakers appear to have further intended that proceedings under section 75 (s) are to be in the nature of ordinary bankruptcy proceedings so far as administration of the bankruptcy estate under that section is concerned, because section 75 (s) provides that the same bankruptcy officers are to administer the proceedings under that section as were accustomed to administer ordinary bankruptcy proceedings under the Bankruptcy Act as it existed before the Act of March 3, 1933 (section 75 (a–r), or the Act of June 28, 1934 (section 75 (s) were enacted.

It will be noted from an examination of the Act of March 3, 1933 (section 75 (a–r) that it is specifically provided that subject to the control of the court all proceedings under that act shall be before the conciliation commissioner and it is significant that, although the debtor's property and the proceedings by the debtor and his creditors are subject to the control of the court, there is no provision for the passing of the title to the debtor's property to the custody of the law or to a trustee, nor is there any provision changing the status of the debtor's title to his property. It is obvious that under said Act of March 3, 1933, the only relief provided for the debtor or his creditors is in respect to the liquidation of the farmer's debts, unaffected by any purported change in the debtor's title to his property.

An examination of the reported authorities touching the nature of the proceedings and throwing light upon the question of who are the proper officers before whom proceedings should be conducted, under section 75 (s), Act of June 28, 1934, discloses In re Wilkin (D. C.) 8 F. Supp. 222, and In re McMurray (D. C.) 8 F. Supp. 449, as the leading cases. Both of these cases were decided by the District Court of Iowa, Southern Division.

In the case of In re Wilkin, supra, at page 224 of 8 F. Supp., the court said: " * * * I am now firmly of the opinion that proceedings under section 75 (s) of the act cannot be maintained except and until an adjudication in bankruptcy. Even without this ruling this court had long been of the opinion that none of the provisions of section 75 (s) of the act could be available to a debtor until all the provisions of the act with reference to composition and extension (section 75 (a–r), 11 USCA § 203 (a–r), had been exhausted and that such exhaustion of those remedies must be a condition precedent to the appointment of appraisers under subdivision (s)."

In the case of In re McMurray, supra, the court at page 451 of 8 F. Supp. said: "The question whether the commissioner has power to appoint appraisers has already been answered in the negative, and is so recognized by the commissioner, as that can only be done by the referee in bankruptcy after a petition has been filed at the first meeting of creditors by the debtor asking that he be adjudged a bankrupt and the case properly referred to a referee in bankruptcy."

In a recent decision filed in the case of Henry August Plumer, Bankrupt, 9 F. Supp. 923, cause No. 823, in the District Court of the United States for the Southern District of California, Southern Division, the Honorable Jeremiah Neterer, District Judge, used the following language: "Failure to obtain the required acceptance in writing [that is, the agreement of the farmer's creditors to the composition or extension agreement] qualified the farmer to be adjudged a voluntary bankrupt, and his estate passes to the control of the bankruptcy court."

See, however, contra, In re Rice (D. C.) 10 F. Supp. 194, N. D. Mo., Davis, J., Jan. 31, 1935.

Grant Doty, the debtor here, contends that the provisions of section 75 (s) do not require that he be adjudged a bankrupt in order to have the benefits of such section, but that contention does not seem to be justified by those provisions, but in fact seems to be contrary to the express provision in that section that the debtor "may amend his petition or answer asking to be adjudged a bankrupt."

This court holds that the only way the debtor may proceed under section 75 (s) is by electing to "amend his petition or answer asking to be adjudged a bankrupt," and that after such election is so made, and if the court enters an order adjudicating the debtor to be a bankrupt, the proceedings thereafter under section 75 (s) are in the nature of general proceedings in bankruptcy, but with the relief to the debtor as provided in section 75 (s), and that those proceedings must be administered by the court with the machinery and officers, such as referees and trustees, which are provided by the general Bankruptcy Act instead of those provided by section 75 (a–r) of the Act of March 3, 1933, and that the con-

'ciliation commissioner has no jurisdiction or authority to entertain the proceedings under section 75 (s) nor to do any official act thereunder.

Accordingly, the order of the commissioner herein, purporting to appoint appraisers under section 75 (s), is of no effect, and the debtor herein will not be entitled to proceed under section 75 (s) unless and until he files an amended petition setting forth the facts and conditions by that amendment to the Bankruptcy Act made necessary to be shown in order to entitle him to the relief provided by section 75 (s); whereupon the matter will be referred to a regular referee in bankruptcy for further proceedings.

Form of order carrying the foregoing rulings into effect may be settled at Seattle upon notice.