## In re WEIR et ux.
### No. B–2057.

District Court, E. D. Washington, S. D.

Dec. 9, 1941.

Moulton & Powell, of Kennewick, Wash., for debtors.

Horrigan & Horrigan, of Pasco, Wash., for James Grierson, creditor.

SCHWELLENBACH, District Judge.

On May 15, 1939, the above-named debtors filed in this Court a petition "for composition or extension under Section 75 of the Bankruptcy Act of March 3, 1933." 11 U.S.C.A. § 203. On the same day an order was entered by the Court approving the debtors' petition. Another order of reference in the proceedings was entered by the Court referring the petition to a Concilia-

tion Commissioner in the County in which the petitioners resided. Nothing further was filed in this Court until June 6, 1941, when there was filed a report of the Conciliation Commissioner and the Opinion of the Conciliation Commissioner in which the conclusion was reached that the debtors were entitled to have the creditor forced to execute to debtors a deed to the property involved in these proceedings. Thereafter, on June 12, 1941, a petition for review of the decision of the Commissioner was filed by the creditor. At the time of the hearing on the petition, no question was raised by creditor concerning the jurisdiction of the Conciliation Commissioner or the procedure followed by him. It was not until October 6, 1941, that the attention of the Court was called to the fact that objection was being made on the ground that no amended petition was ever filed by the debtor asking to be adjudged a bankrupt as required by the Bankruptcy Act, Section 75, sub. s, 11 U.S.C.A. § 203, sub. s. There never was an adjudication by the Court on that question nor was there ever an order of reference either by the Judge of the Court or by the Clerk. What happened was that on May 20, 1939, upon the filing with the Conciliation Commissioner of the order of reference on the petition for composition or extension, the Conciliation Commissioner signed an order of adjudication and then proceeded to hold his meeting of creditors. On June 30, 1939, he filed with himself his findings to the effect that the composition or extension could not be effected. Then, on July 12, 1939, he permitted the debtor to file with him a petition which was contemplated should be filed with the Clerk of the Court under the provisions of Section 75, sub. s, 11 U.S.C.A. § 203, sub. s, and, thereupon, he entered an order directing the appraisal of the property and the appointment of appraisers. On July 21, 1939, he received the report of the appraisers. On September 7, 1939, he entered an order staying judicial proceedings, fixing rental and providing payment and, as outlined above, on June 6, 1941, he concluded that the Debtors had paid the creditor in full and were entitled to the deed to the property. The question before me is whether I will ratify and confirm all of the acts of the Conciliation Commissioner thus taken in disregard of the clear provisions of the Statute.

■ There can be no question that the original petition must be filed with the Clerk of the Court. The Statute provides, 11 U.S.C.A. § 203, sub. c, as follows: "The petition and answer shall be filed with the court, but shall, on request of the farmer or creditor, be received by the conciliation commissioner for the county in which the farmer resides and promptly transmitted by him to the clerk of the court for filing."

■■ It cannot be doubted that the first 18 subsections of the Frazier-Lemke Act, 11 U.S.C.A. § 203, subs. a–r, inclusive, contemplate a proceeding in which the debtor is not in bankruptcy. It is only after effort has been made to effect a composition or extension and such effort has failed or the farmer determines that the composition or extension approved is unsatisfactory to him that the provisions of subsection s become applicable. It is then that he "may amend his petition or answer, asking to be adjudged a bankrupt." The reference made to the conciliation commissioner prior to the filing of an amended petition confers no authority upon the conciliation commissioner to make an adjudication of bankruptcy such as was done here.

Subsection b of the Act gives to the Supreme Court the power "to make such general orders as it may find necessary properly to govern the administration of the office of conciliation commissioner and proceedings under this section." 11 U.S.C.A. § 203, sub. b. In conformity therewith the Supreme Court promulgated general orders and forms in bankruptcy. Order Number 50, subsection 11 of which, 11 U.S.C.A. following Section 53, is as follows: "In so far as is consistent with the provisions of section 75 [11 U.S.C.A. § 203] and of this general order, the conciliation commissioner shall have all of the powers and duties of a referee in bankruptcy and the general orders in bankruptcy shall apply to proceedings under said section." The jurisdiction of the referees is found in 11 U.S.C.A. § 66, and the portion thereof under which the referee acquires the power to make adjudications reads as follows: "Referees respectively are invested * * * with jurisdiction to (1) consider all petitions *referred to them by the clerks* and make the adjudications or dismiss the petitions." (Emphasis mine) The general orders of the Supreme Court provided, General Order in Bankruptcy Number 12, 11 U.S.C.A. following Section 53: "A copy of the order referring a proceeding to a referee shall forthwith be sent by mail to the referee, or be delivered to him personally by the clerk or other

officer of the court." The power of the judge of the court to make the adjudication on a voluntary petition and the exception to that rule is contained in 11 U.S.C.A. § 41, sub. (g): "Upon the filing of a voluntary petition * * * the judge shall hear the petition and make the adjudication or dismiss the petition. If the judge is absent from the district, or the division of the district in which the petition is filed, at the time of the filing, the clerk shall forthwith refer the case to the referee."

From the foregoing provisions of the Statute and the orders, I conclude:

(1) That both the petition for composition or extension under Section 75 and the petition for adjudication in bankruptcy must be filed with the Clerk of the Court.

(2) When either of such petitions is filed with the Conciliation Commissioner, it is the duty of such Commissioner to transmit it immediately to the Clerk of the Court.

(3) It is the function of the Judge of the Court to pass upon the question of adjudication in bankruptcy if there be a Judge of the Court present in the Division of the District in which the petition is filed at the time of the filing.

(4) The only time when the Conciliation Commissioner is authorized to make the adjudication is when the petition has been referred to him for that purpose by the Clerk of the Court because of the absence of the Judge of the Court from the Division of the District in which the petition is filed at the time of filing.

The question involved in this case has been considered by the judges of two District Courts. The first is In re Wilkin, D. C., 8 F.Supp. 222, 224. In that case the debtor attempted to secure the benefits of subdivision s of Section 75 of the Act without electing to file a petition asking to be adjudged a bankrupt. In that case, the Court said:

" * * * I am now firmly of the opinion that proceedings under section 75(s) of the act cannot be maintained except and until an adjudication in bankruptcy. Even without this ruling this court had long been of the opinion that none of the provisions of section 75(s) of the act could be available to a debtor until all of the provisions of the act with reference to composition and extension (section 75(a–r), 11 U.S.C.A., § 203(a–r), had been exhausted and that such exhaustion of those remedies must be a condition precedent to the appointment of appraisers under subdivision (s).

"The result of these rulings must be that all of the proceedings and orders of the commissioner at the meeting of September 1, 1934, should be and are hereby set aside, and the cause remanded to the commissioner, with directions," etc.

The other case arose in the Western District of Washington. It is In re Doty, 10 F.Supp. 195, 196. The problem in that case is outlined by Judge Bowen as follows: "The debtor opposes the contentions of the petitioner and insists that the conciliation commissioner retains jurisdiction under section 75(s) and that the conciliation commissioner has authority to proceed to appoint appraisers and to entertain the proceedings under section 75(s) by virtue of the original reference to him under the original debtor petition praying for a composition and extension agreement." The Court then proceeded to answer the debtor's contention with the following language: "This court holds that the only way the debtor may proceed under section 75(s) is by electing to 'amend his petition or answer asking to be adjudged a bankrupt,' and that after such election is so made, and if the court enters an order adjudicating the debtor to be a bankrupt, the proceedings thereafter under section 75 (s) are in the nature of general proceedings in bankruptcy, but with the relief to the debtor as provided in section 75(s). * * * Accordingly, the order of the commissioner herein, purporting to appoint appraisers under section 75(s), is of no effect, and the debtor herein will not be entitled to proceed under section 75(s) unless and until he files an amended petition setting forth the facts and conditions by that amendment to the Bankruptcy Act made necessary to be shown in order to entitle him to the relief provided by section 75(s)."

From the foregoing, I am convinced that all of the acts of the conciliation commissioner in which he attempted to exercise the powers and duties provided in section 75, sub. s, were without jurisdiction and, consequently, were a nullity.