**In re NAHHAS et al.**
**No. 6279.**

United States District Court
S. D. California, N. D.
Nov. 23, 1949.

———◆———

Herbert McDowell, Fresno, California, Referee in Bankruptcy.

Alfred Aram, San Jose, Cal., Lloyd S. Nix, Los Angeles, Cal., for Bankrupt.

Matt Goldstein, Fresno, Cal., for Creditor Margaret Gillespie.

MATHES, District Judge.

This matter comes before the court upon the petition of the debtors [now bankrupts] for review of an order of the Commissioner-Referee entered in proceedings under § 75 of the Bankruptcy Act, 11 U.S. C.A. § 203, appointing a trustee and ordering the sale of certain assets.

On March 11, 1946, the debtors petitioned for farmer-debtor relief under § 75, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. c. The period during which petitions could be filed under that section had expired March 4, 1946, Act of March 11, 1944, 58 Stat. 113. On May 10, 1946, the debtors filed, under § 75 sub. s, an amended petition asking to be adjudged bankrupts, and by order of the same date the court adjudicated them bankrupt. On June 3, 1946, the Congress enacted an amended § 75, sub. c, providing that petitions under § 75 might be filed "at any time prior to March 31, 1947 * * *" 60 Stat. 230.

■ Bankruptcy courts are courts of limited jurisdiction, possessing only such powers as the Congress expressly or impliedly confers upon them. Taubel-Scott-Kitzmiller Company, Inc. v. Fox, et al., 1924, 264 U.S. 426, 431, 44 S.Ct. 396, 68 L.Ed. 770; In re Prima Co., 7 Cir., 1938, 98 F.2d 952, 956, certiorari denied, 1939, 305 U.S. 658, 59 S.Ct. 357, 358, 83 L.Ed. 426. Jurisdiction of the bankruptcy court

in § 75 proceedings usually stems from the filing of the original petition for composition or extension under § 75, sub. c. Bankruptcy Act, § 75, sub. n, 11 U.S.C.A. § 203, sub. n. The amended petition for adjudication under § 75, sub. s, may, however, serve to found jurisdiction. [Wright v. Union Central Life Insurance Co., 1938, 304 U.S. 502, 512, 58 S.Ct. 1025, 82 L.Ed. 1490. Both petitions here having been filed outside the time limit of statutory authorization, this court must be held to lack jurisdiction under § 75, unless the petitions were validated by the Act of June 3, 1946, 60 Stat. 230. Cf. In re Weir, D.C.E.D.Wash.,1941, 42 F.Supp. 23.

The debtors contend that the Act of June 3, 1946, providing that petitions under § 75, sub. c, might be filed "at any time prior to March 31, 1947 * * *", is remedial in nature and so may be given retroactive effect. Standard Accident Insurance Co. v. Miller, 7 Cir., 1948, 170 F.2d 495; Connett v. City of Jerseyville, 7 Cir., 1938, 96 F.2d 392. The cases just cited, upon which the debtors rely, involve situations where a statutory remedy is enforced as to obligations arising prior to enactment of the statute. But the question here is whether petitions filed at a time when there was no existing statutory authorization for filing, are validated by subsequent congressional enactment providing a separate additional period for such filing.

The problem of bridging a time gap in legislation was met in dealing with price control, by expressly making the Price Control Extension Act of July 25, 1946, 60 Stat. 664, retroactively effective as of the expiration date of the Emergency Price Control Act as amended, 59 Stat. 306, and by adding the proviso that no acts or omissions occurring during the time-gap period, June 30 to July 25, 1946, be deemed a violation of the Act. In dealing with that legislative hiatus, the Congress used "crystal-clear" statutory language, and intent was confirmed by legislative history. See: Cobleigh v. Woods, 1 Cir., 1949, 172 F.2d 167, 169, certiorari denied, 1949, 337 U.S. 924, 69 S.Ct. 1168.

In contrast to that unequivocal treatment of the problem, both the language of the statute at bar, Act of June 3, 1946, 60 Stat. 230, and legislative history, 92 Cong.Rec. 5407 (1946), are completely silent as to the effect to be given petitions filed during the hiatus in § 75, sub. c. So there is neither statutory language nor legislative history upon which to predicate exception to the well settled rule that "a law is presumed, in the absence of clear expression to the contrary, to operate prospectively." Hassett v. Welch, 1938, 303 U.S. 303, 314, 58 S.Ct. 559, 565, 82 L.Ed. 858.

This canon of statutory interpretation is especially applicable where, as here, the enactment, if construed to validate petitions previously filed, would in effect confer jurisdiction retroactively, since jurisdiction can never be presumed. Grace v. American Central Insurance Co., 1883, 109 U.S. 278, 283, 3 S.Ct. 207, 27 L.Ed. 932. Absence of any congressional action declaring valid petitions filed during the time gap in § 75 thus forces the conclusion that such petitions cannot be held so validated.

It is the duty of the court to notice any jurisdictional defect, even though the parties make no contention concerning it. United States v. Corrick, et al., 1936, 298 U.S. 435, 440, 56 S.Ct. 829, 80 L.Ed. 1263. The order of adjudication under § 75, sub. s, in the proceedings at bar does not relieve the court of this duty. Benitez v. Bank of Nova Scotia, 1 Cir., 1942, 125 F.2d 523, 527; accord: Vallely v. Northern Fire and Marine Insurance Co., 1920, 254 U.S. 348, 41 S.Ct. 116, 65 L.Ed. 297.

Where jurisdiction fails under § 75, and the petition can properly be construed as a prayer for adjudication under the general bankruptcy laws, it has been held that the court may, after "nullifying all proceedings" under § 75, adjudicate and refer under § 22, 11 U.S.C.A. § 45. Baxter v. Savings Bank of Utica, et al., 5 Cir., 1937, 92 F.2d 404, 406, certiorari denied Baxter v. Emory University, 1940, 310 U.S. 624, 60 S.Ct. 896, 84 L.Ed. 1396. But when

the language of the petition does not permit such construction, there is no alternative but to declare void all that has been done under the purported authority of § 75 and dismiss the proceedings in their entirety. In re McGrew, 3 Cir., 1942, 126 F.2d 676, certiorari denied McGrew v. Simmons, 1942, 317 U.S. 646, 63 S.Ct. 39, 87 L.Ed. 520; Thompson v. Federal Farm Mortgage Corp., 8 Cir., 1944, 140 F.2d 539.

█ Here the farmer-debtors petitioned for relief under § 75 and for no other relief. Accordingly, since the proceedings under, § 75 are void for want of jurisdiction, Vallely v. Northern Fire and Marine Insurance Co., supra, 254 U.S. 348, 41 S.Ct. 116, 65 L.Ed. 297; In re Weir, supra, D.C., 42 F.Supp. 23, they must be dismissed; and it is now so ordered.