# VALLELY, AS TRUSTEE IN BANKRUPTCY OF NORTHERN FIRE & MARINE INSURANCE COMPANY, *v.* NORTHERN FIRE & MARINE INSURANCE COMPANY.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 96. Submitted November 17, 1920.—Decided December 13, 1920.

1. A petition to revise in matter of law under § 24*b* of the Bankruptcy Act is the proper remedy to review an order of an inferior court of bankruptcy vacating an adjudication and dismissing the bankruptcy proceeding for want of jurisdiction upon the motion of the bankrupt after the expiration of the time for appeal, he having neither contested the involuntary petition against him nor appealed from the adjudication. P. 352.

2. Where it appears from the averments of a petition in involuntary bankruptcy that the person proceeded against is an insurance corporation and therefore within the exceptions of § 4*b* of the Bank-

.ruptcy Act, as amended in 1910, the court of bankruptcy is without jurisdiction and its adjudication, rendered upon due service of process and default, and not appealed from, should be vacated and the proceeding dismissed upon the motion of the company, even after the time for appeal has expired. P. 352.

3. Where an insurance corporation adjudged bankrupt in an involuntary proceeding after the passage of the Act of 1910, upon due service of process and default, does not appeal from the adjudication but acquiesces therein and aids the trustee in the performance of his duties in administering the estate, it is not estopped from thereafter questioning the validity of the adjudication and the power of the court and the trustee to proceed. *Id.*

THE case is stated in the opinion.

*Mr. Rome G. Brown* for Vallely, Trustee. *Mr. C. J. Murphy* and *Mr. T. A. Toner* were also on the brief:

As soon as a petition is filed, the court has the duty, and the statute gives it the power, to decide whether an alleged bankrupt comes within the class that may be declared bankrupt. The decision of that fact involves the exercise of jurisdiction. The jurisdiction is none the less real and valid because the court might decide the question wrongly. Neither the allegation nor the fact that the alleged bankrupt is an insurance company, and as such exempt, is jurisdictional. If the court in the exercise of that power reached a wrong conclusion, the judgment is not void; it is merely error to be corrected on appeal or by motion to vacate, timely made; but as long as it stands it is binding on everyone. *In re Worsham,* 142 Fed. Rep. 121; *Edelstein* v. *United States,* 149 Fed. Rep. 636; *Foltz* v. *St. Louis & S. F. Ry. Co.,* 60 Fed. Rep. 316; *In re First National Bank,* 152 Fed. Rep. 64; *In re Broadway Savings Trust Co.,* 152 Fed. Rep. 152; *In re Plymouth Cordage Co.,* 135 Fed. Rep. 1000.

The following decisions are to the same effect: *In re New England Breeders' Club,* 169 Fed. Rep. 586; *Birch* v. *Steele,* 165 Fed. Rep. 577; *In re T. E. Hill Co.,* 159 Fed.

Rep. 73; *Sabin* v. *Larkin-Green Logging Co.*, 218 Fed. Rep. 984; *Roszell Bros.* v. *Continental Coal Co.*, 235 Fed. Rep. 343; *In re Brett*, 130 Fed. Rep. 981; *Denver First National Bank* v. *Klug*, 186 U. S. 202; *Des Moines Navigation Co.* v. *Iowa Homestead Co.*, 123 U. S. 552; *In re Columbia Real-Estate Co.*, 101 Fed. Rep. 971; *McCormick* v. *Sullivant*, 10 Wheat. 192.

In most of these cases the question related to the jurisdiction of the court where it appeared that the corporation against whom adjudication was sought was not one coming within the purview of the Bankruptcy Act. Other cases relate to the jurisdiction of the federal court generally, arising in instances where a diversity of citizenship was not shown. The principle involved is the same, and so recognized by the decisions of this as well as by other courts. In some of those cases particular emphasis was laid upon the fact that there had been some delay, and, even though it were not great in those particular cases, the court took notice of the fact that the speedy administration of bankrupt estates is contemplated by the law, and that prejudice and loss would result if interested parties were permitted, after recognizing proceedings of this kind, and participating therein, to question the validity thereof. The facts established in the record in this case show clearly that loss would result to the general creditors of respondent if the proceedings taken by the petitioner in connection with managing and conserving the estate of the respondent are ignored, and the bankruptcy set aside.

The jurisdiction of the bankruptcy court is granted and defined by § 2 of c. II of the Bankruptcy Law, which contains no limitations as to the persons or corporations that may be adjudged bankrupts. Subdivisions *a* and *b* of § 4 of c. III do not relate to the jurisdiction, but cover procedure, like the numerous state statutes requiring certain suits to be brought in certain counties, and similar statutes.

Municipal corporations have never been subject to any bankruptcy act, and they would not be subject to the present act whether excepted therefrom or not. Loveland on Bankruptcy, § 125; *Walter* v. *Iowa, etc., Ry. Co.,* 2 Dill. 487.

*Mr. N. C. Young* for Northern Fire & Marine Insurance Company. *Mr. Tracy R. Bangs* and *Mr. Philip R. Bangs* were also on the brief.

MR. JUSTICE MCKENNA delivered the opinion of the court.

The Insurance Company was adjudged an involuntary bankrupt May 3, 1917, upon petition of its creditors. The petition averred the corporate capacity of the Company under the laws of North Dakota, and that it had been "engaged in the business of insuring property against loss by fire, hail, etc." Process was duly issued and served, and, the Company making default, an order of adjudication was entered against it. No appeal was taken from the order. The administration of the estate proceeded in due course, claims presented, assets collected and reduced to money, payments made to protect equities, and suits brought by the trustee in his official capacity. In the matters of the estate the trustee frequently conferred with the president and secretary of the bankrupt and received from them coöperation, assistance and information without question of the validity of the adjudication. Considerable moneys were paid out and expenses incurred by the trustee.

After the above course of administration, and on December 18, 1917, the Company by its attorneys filed a motion in the District Court to vacate the adjudication as null and void, and to dismiss the proceedings, upon the ground that it appeared that the Company was an insur-

ance corporation and that the court was, therefore, without jurisdiction. The motion was sustained and an order entered vacating the adjudication and dismissing the petition of the creditors on authority of § 4-*b* of the Bankruptcy Act, as amended by the Act of June 25, 1910, c. 410, 36 Stat. 839, which provides that "any moneyed, business, or commercial corporation, except a municipal, railroad, insurance, or banking corporation, . . . may be adjudged an involuntary bankrupt upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this Act."

The trustee filed a petition to revise the order of the District Court in a matter of law in the Circuit Court of Appeals, and the latter court certifies that it is indispensable to the determination of the case, and to the end that the court may properly discharge its duty, desires instruction upon the following questions:

"1. Is a petition to revise in matter of law under section 24-*b* of the Bankruptcy Act the proper remedy to review an order of an inferior court of bankruptcy vacating an adjudication and dismissing the bankruptcy proceeding for want of jurisdiction upon the motion of the bankrupt after the expiration of the time for appeal, he having neither contested the involuntary petition against him nor appealing from the adjudication?

"2. Where it appears from the averments of a petition in involuntary bankruptcy that the person proceeded against is an insurance corporation and therefore within the exceptions of section 4-*b* of the Bankruptcy Act as amended June 25, 1910 (36 Stat. 839), is there such an absence of jurisdiction in the court of bankruptcy that its adjudication, rendered upon due service of process and default, and not appealed from, should be vacated and the proceeding be dismissed upon the motion of the bankrupt after the time for appeal has expired?

"3. Where an insurance corporation adjudged bankrupt

in an involuntary proceeding after the passage of the amendatory Act of June 25, 1910 (36 Stat. 839), upon due service of process and default, does not appeal from the adjudication but acquiesces therein and aids the trustee in the performance of his duties in administering the estate, may it be estopped from thereafter questioning the validity of the adjudication and the power of the court and the trustee to proceed?"

Of the construction of the statute there can be no controversy; what answer shall be made to the questions turns on other considerations, turns on the effect of the conduct of the Company as an estoppel. That it has such effect is contended by the trustee, and there is an express concession that if objection had been made the Company would have been entitled to a dismissal of the petition. It is, however, insisted that it is settled "that an erroneous adjudication against an exempt corporation, whether made by default or upon a contest or trial before the bankruptcy court, can be attacked only by appeal, writ of error, or prompt motion to vacate," and that § 4 does not relate to the jurisdiction of the court over the subject-matter. "It does not, therefore," is the further contention, "create or limit jurisdiction of the court with respect to its power to consider and pass upon the merits of the petition." And that "the valid exercise of jurisdiction does not depend on the correctness of the decision." And again, if the court in the exercise of its jurisdictional power, "reached a wrong conclusion, the judgment is not void; it is merely error to be corrected on appeal or by motion to vacate, timely made, but as long as it stands it is binding on every one." There is plausibility in the propositions taken in their generality, but there are opposing ones. Courts are constituted by authority and they can not go beyond the power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are

not voidable, but simply void, and this even prior to reversal. *Elliott* v. *Peirsol*, 1 Pet. 328, 344; *Old Wayne Mutual Life Association* v. *McDonough*, 204 U. S. 8.

Which of the propositions shall prevail in a given case cannot be dogmatically asserted, and cases of their consideration and application can be cited against each other. There is such citation in the pending case. Plaintiff in error cites among others, *McCormick* v. *Sullivant*, 10 Wheat. 192; *Des Moines Navigation Co.* v. *Iowa Homestead Co.*, 123 U. S. 552; *Denver First National Bank* v. *Klug*, 186 U. S. 202.

*McCormick* v. *Sullivant* involved the effect of diversity of citizenship, and it was decided that an absence of its allegation did not impeach the judgment rendered in the case and preclude its being conclusive upon the parties. And it was said (as it has often been said), that the courts of the United States are "of limited jurisdiction; but they are not, on that account, inferior courts, in the technical sense of those words, whose judgments, taken alone, are to be disregarded. If the jurisdiction be not alleged in the proceedings, their judgments and decrees are erroneous, and may, upon writ of error or appeal, be reversed for that cause. But they are not absolute nullities."

In *Des Moines Navigation Co.* v. *Iowa Homestead Co.*, 123 U. S. 552, there came up to be considered also the effect of a prior adjudication as dependent upon an allegation of diversity of citizenship, and the ruling in *McCormick* v. *Sullivant* was affirmed.

The immediate comment on these cases is that the courts had jurisdiction of their subject-matter and necessarily power to pass upon the fact (diversity of citizenship) upon which that jurisdiction depended in the given case. The subject-matter of the suit was not withheld from them by explicit provision of the law which was their sole warrant of power.

*Denver First National Bank* v. *Klug* is nearer to the

question in the case at bar. It was a case in bankruptcy. The Act of July 1, 1898, 30 Stat. 544, provided that "any natural person, except a wage-earner or a person engaged chiefly in farming or the tillage of the soil" might "be adjudged an involuntary bankrupt upon default or an impartial trial" and should "be subject to the provisions and entitled to the benefits" of the act.

A petition in involuntary bankruptcy was filed against Klug and a trial was had upon the issue, whether he was "engaged chiefly in farming" within the meaning of the act, and the jury having found accordingly, the District Court entered a judgment dismissing the petition. The question of the jurisdiction was certified to this court and it was held that the "District Court had and exercised jurisdiction." This further was said, "The conclusion was, it is true, that Klug could not be adjudged a bankrupt, but the court had jurisdiction to so determine, and its jurisdiction over the subject-matter was not and could not be questioned." Citing *Mueller* v. *Nugent*, 184 U. S. 1, 15; *Louisville Trust Co.* v. *Comingor*, 184 U. S. 18, 25; *Smith* v. *McKay*, 161 U. S. 355.

It will be observed, therefore, that the Act of 1898 made jurisdiction depend upon an inquiry of fact and necessarily jurisdiction was conferred to make the inquiry, and pronounce judgment according to its result. The case, therefore, is not pertinent to, or authority upon the case at bar. The Act of June 25, 1910, which covers the present proceeding is peremptory in its prohibition. It excludes, by § 4-*a*, insurance corporations from the benefits of voluntary bankruptcy, and by sub-division *b* prohibits them from being adjudged involuntary bankrupts. The effect of these provisions is that there is no statute of bankruptcy as to the excepted corporations, and necessarily there is no power in the District Court to include them. In other words, the policy of the law is to leave the relation and remedies of "municipal, railroad, insur-

ance, or banking" corporations to their creditors and their creditors to them, to other provisions of law. It is easy to see in what disorder a different policy would result. We may use for illustration a municipal corporation. Its creditors may be enterprising, its officers acquiescent or indifferent; can, therefore, the allegations of the former and the default of the latter confer jurisdiction on the District Court to entertain a petition in bankruptcy against the corporation and render a decree therein, and if not, why not? If consent can confirm jurisdiction, why not initially confer jurisdiction? It is not necessary to point out the disorder that would hence result and the difficulties that the officers of a bankruptcy court would encounter in such situation. The legislative power thought care against the possibility of it was necessary, and in that care associated insurance corporations. For a court to extend the act to corporations of either kind is to enact a law, not to execute one.

The first question concerns procedure only, and should be answered in the affirmative. *Denver First National Bank* v. *Klug, supra; Matter of Loving*, 224 U. S. 183.

The second and third questions concern the merits and are respectively answered in the affirmative and negative.

*So ordered.*