VALLELY v. NORTHERN FIRE & MARINE INS. CO. (Circuit Court of Appeals, Eighth Circuit. January 13, 1922.) No. 195. Petition to Revise Order of the District Court of the United States for the District of North

Dakota. Involuntary proceedings in bankruptcy against the Northern Fire & Marine Insurance Company, in which John Vallely was appointed trustee in bankruptcy. Adjudication was vacated on application by the company, and the trustee filed petition to revise the order in matter of law, and questions were certified to the Supreme Court (254 U. S. 348, 41 Sup. Ct. 116, 65 L. Ed. 297) and answered to sustain the order. Petition to revise denied, and action of trial court affirmed. C. J. Murphy and T. A. Toner, both of Grand°Forks, N. D., for petitioner. Tracy R. Bangs and Philip R. Bangs, both of Grand Forks, N. D., for respondent. Before HOOK and STONE, Circuit Judges, and MUNGER, District Judge.

PER CURIAM. This petition is to revise an order of the trial court setting aside the adjudication of bankruptcy of the respondent and directing restoration to it of the property held by the trustee in bankruptcy. The points here presented were three, as follows: (1) Was a petition to revise the proper method of bringing the above order to this court for review? (2) Was there such absence of jurisdiction in the court of bankruptcy that its adjudication, rendered upon due service of process and default, and not appealed from, should be vacated and the proceeding be dismissed upon motion of the bankrupt after expiration of time to appeal? (3) May an insurance company be estopped by its conduct from questioning such jurisdiction? These questions, stated more in detail, were certified to the Supreme Court. That court affirmed the first and second and negatived the third. Vallely v. Northern Ins. Co., 254 U. S. 348, 41 Sup. Ct. 116, 65 L. Ed. 297. The result of this determination by the Supreme Court is that the petition to revise must be denied, and the action of the trial court affirmed. It is so ordered.