## HUMBER v. BANKERS' TRUST CO.

### No. 6424.

Circuit Court of Appeals, Sixth Circuit.

April 13, 1934.

Jay F. McMullen, of Detroit, Mich., for appellant.

Fred H. Aldrich and E. O. Zirkalos, both of Detroit, Mich., for appellee.

Before HICKS and SIMONS, Circuit Judges, and WEST, District Judge.

PER CURIAM.

Humber filed voluntary petition and was adjudged bankrupt on August 31, 1932. On October 21, 1932, Bankers' Trust Company, receiver of Humber, filed its petition to vacate the adjudication and dismiss the voluntary petition for want of jurisdiction. This petition recited the recovery in the state court by two creditors of a deficiency decree against Humber in 1927, on which execution was thereafter returned unsatisfied, and set up subsequent proceedings in the state court to reach and subject assets of the bankrupt, in the course of which said receiver was appointed in October, 1930. In substance the ground of the petition was that due to lapse of time, transfers of and liens on the bankrupt's property were immune from attack in bankruptcy, and the subject-matter of the proceeding was in the possession and within the exclusive jurisdiction of the state court. On November 15, 1932, after hearing, the district court vacated the adjudication of bankruptcy and by the same order dismissed Humber's petition. The appeal which followed was allowed by the District Court only. In Michigan Garage & Accessory Co. v. Drury, 31 F.(2d) 434, this court dealt with such an appeal which set aside the adjudication and dismissed the voluntary petition and held that it would properly lie under section 25a of the Bankruptcy Act (11 U. S. C. § 48 (a), 11 USCA § 48 (a). The first headnote in Vallely v. Northern Fire & Marine Ins. Co., 254 U. S. 348, 41 S. Ct. 116, 65 L. Ed. 297, reads:

"A petition to revise in matter of law under section 24b of the Bankruptcy Act [11 USCA § 47 (b)] is the proper remedy to review an order of an inferior court of bankruptcy vacating an adjudication and dismissing the bankruptcy proceeding for want of jurisdiction upon the motion of the bankrupt after the expiration of the time for appeal, he having neither contested the involuntary petition against him nor appealed from the adjudication."

The difference between the facts in that case and the one at bar does not appear to justify a different ruling here. While petitions to revise have been abolished, and all review is now by appeal, section 24b, 11 US CA § 47 (b) still governs the review of proceedings in bankruptcy. This case was appealable under section 24b (11 U. S. C. § 47 (b), 11 USCA § 47 (b). The remedies by appeal are mutually exclusive. Matter of Loving, 224 U. S. 183, 32 S. Ct. 446, 56 L. Ed. 725; In re Mueller, 135 F. 711 (C. C. A. 6).

We are consequently constrained to overrule the Drury Case, supra, and hold that the appeal in the present case was not properly taken and must be dismissed.