## WILKERSON v. COOCH.
### No. 7880.

Circuit Court of Appeals, Ninth Circuit.
June 17, 1935.

Ralph W. Eckhardt, of Los Angeles, Cal., for appellant.

Richard Wagner, of San Francisco, Cal., for appellee.

Before WILBUR and MATHEWS, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

Emma Christine Wilkerson, on October 9, 1934, filed a petition under section 75 of the Bankruptcy Act, as amended (11 USCA § 203), in the form prescribed by the Supreme Court (form 65) asking for relief under the provisions of that section. Thereafter, on January 7, 1935, Mary Cooch, a secured creditor of Emma Christine Wilkerson, filed a petition praying that the proceedings be dismissed on the ground that the petitioner was not a farmer within the meaning of section 75 (r) of the Bankruptcy Act (11 USCA § 203 (r). An order to show cause was issued by the trial judge and after hearing on the return he made the following order on February 16, 1935:

"Debtor is the wife of a storekeeper, assists in the store, lives on property adjacent to the store with her husband. She has not lived on the farm property for ten or twelve years. She is not personally engaged in farming.

"Title to the farming property was taken in her name on its acquisition, at the direction of the husband. The separate funds, if any, were constantly mingled and there is nothing to justify a finding that the farming property is the separate property of the wife. She seems never to have handled the income, and in any event its income does not go to the support of the debtor and is not received by her.

"Clearly the debtor does not come *with* the term 'farmer' as defined in the Act. The petition of Mary Cooch is granted and debtor's petition is dismissed. Exception to debtor."

The appeal from this order was allowed by the trial judge on March 11, 1935. The appellee moved to dismiss the appeal on the ground that the order appealed from was entered in a proceeding in bankruptcy, and, consequently, as the order was not appealable as a matter of right under 11 USCA § 47(a), or under 11 USCA § 48, the appeal must be allowed by this court under the provisions of 11 USCA § 47 (b).

Section 75 (n) of the Bankruptcy Act (11 USCA § 203 (n) with reference to petitions of farmers, provides: "In proceedings under this section, except as otherwise provided herein, the jurisdiction and powers of the court, the title, powers, and duties of its officers, the duties of the farmer, and the rights and liabilities of creditors, and of all persons with respect to the property of the farmer and the jurisdiction of the appellate courts, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the farmer's petition or answer was filed."

We are not dealing with an appeal from the implied adjudication resulting from the filing of the petition which, under the statute (11 USCA § 75 (n), is the equivalent of an adjudication in bankruptcy, but from an order of dismissal made on application of a creditor to set aside the implied adjudication and to dismiss the proceedings.

An order setting aside an adjudication in bankruptcy previously entered in the case and not appealed from is not appealable under 11 USCA § 48 (a) which permits an appeal "from a judgment adjudging or refusing to adjudge the defendant a bankrupt," but is appealable only under the provisions of 11 USCA § 47 (b) when allowed by the Circuit Court of Appeals in the exercise of its discretion. This conclusion follows, we think, from the decision in Vallely v. Northern Fire & Marine Ins. Co., 254 U. S. 348, 41 S. Ct. 116, 117, 65 L. Ed. 297, wherein the Supreme Court answered affirmatively the following question: "1. Is a petition to revise in matter of law under section 24b of the Bankruptcy Act [11 USCA § 47 (b)] the proper remedy to review an order of an inferior court of bankruptcy vacating an adjudication and dismissing the bankruptcy proceeding for want of jurisdiction upon the motion of the bankrupt after the expiration of the time for appeal, he having neither contested the involuntary petition against him nor appealing from the adjudication?"

Upon the authority of this decision the Circuit Court of Appeals for the Sixth Circuit in Humber v. Bankers' Trust Co., 70 F.(2d) 265, 266, overruled its former decision in Michigan Garage & Accessory Co. v. Drury, 31 F.(2d) 434. After quoting from the decision of the Supreme Court in Vallely v. Northern Fire & Marine Ins. Co., 254 U. S. 348, 41 S. Ct. 116, 65 L. Ed. 297, supra, the court said: "The difference between the facts in that case and the one at bar does not appear to justify a different ruling here. While petitions to revise have been abolished, and all review is now by appeal, section 24b, 11 USCA § 47 (b) still governs the review of proceedings in bankruptcy. This case was appealable under section 24b, 11 U. S. C. § 47 (b), 11 USCA § 47 (b). The remedies by appeal are mutually exclusive."

Consequently, it was held by that court that where an order of adjudication of bankruptcy had been vacated and the voluntary petition dismissed an allowance of appeal from that order by the District Court did not give the Circuit Court of Appeals jurisdiction. For the same reason, this appeal must be dismissed. See St. Louis Can Co. v. General American Life Ins. Co., 77 F.(2d) 598, filed April 25, 1935; Vitagraph, Inc. v. St. Louis Properties Corp., 77 F.(2d) 590, filed April 25, 1935; Credit Alliance Corp. v. Atlantic, P. & G. R. Co., 77 F.(2d) 595, filed April 25, 1935, all from C. C. A. 8.

Appeal dismissed.