**In re COMBS et al.**

**BURLINGTON SAV. BANK et al. v. COMBS et al.**

**No. 303.**

Circuit Court of Appeals, Second Circuit.

March 1, 1937.

Guy M. Page, of Burlington, Vt., for the motion.

Michael Edelstein, of New York City, opposed.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This is a motion to dismiss an appeal from an order in bankruptcy because leave was not obtained from this court under section 24 (b) of the Bankruptcy Act, as amended (11 U.S.C.A. § 47 (b). On September 10, 1934, the appellants, administrators of Byron H. Combs, filed a petition under section 75, the court approved it as properly filed on December 12, 1934, and the cause was thereupon referred to a concilia-tion commissioner before whom the petitioners filed a proposal and applied for its confirmation. The conciliation commissioner filed his report on June 20, 1935, and on October 11th, the court having refused to grant any composition, the petitioners amended their original petition under section 75(s), Bankr.Act (11 U.S.C.A. § 203 (s) and were adjudicated bankrupts on the twelfth, the case being again referred to the conciliation commissioner, this time as referee. On motion of two creditors the court dismissed the whole proceeding on April 20, 1936, and the petitioners took this appeal on May 7th without leave of this court.

It will be observed that an adjudication was entered on the petition on October 12, 1935, and that the order appealed from dismissed the proceeding six months later. The case is therefore on all fours with Vallely v. Northern F. & M. Ins. Co., 254 U.S. 348, 41 S.Ct. 116, 65 L.Ed. 297, provided appeals from orders under section 75 of the Bankruptcy Act are like analogous appeals in straight bankruptcy. Meyer v. Kenmore Hotel Co., 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557, though arising under section 77B (11 U.S.C.A. § 207), holds that they are. It is true that in that case the order appealed from had refused to dismiss the petition after its approval, and a distinction might well be drawn between such a situation and one dismissing the proceeding; but the court suggested nothing of the kind, and could not have so intended, else it would not have approved Vallely v. Northern F. & M. Ins. Co., supra. Wilkerson v. Cooch, 78 F.(2d) 311 (C.C.A.9), is directly in point, for although no order had been there entered approving the petition, the court treated section 75 (n), Bankr. Act (11 U.S.C.A. § 203 (n), as creating the same situation as though an adjudication had been entered. Vitagraph, Inc., v. St. Louis Properties Corporation, 77 F.(2d) 590 (C.C.A.8), is probably overruled by O'Connor v. Mills, 299 U.S. ——, 57 S.Ct. 381, 81 L.Ed. ——; and in Credit Alliance Corporation v. Atlantic, P. & G. Ref. Co., 77 F. (2d) 595 (C.C.A.8), as in Meyer v. Kenmore Hotel Co., supra, the order appealed from had refused to dismiss the proceeding. But in St. Louis Can Co. v. General American L. I. Co., 77 F.(2d) 598 (C.C.A.8), the order had dismissed it and the situation was like that at bar.

Appeal dismissed.