## MARCY v. MILLER et al.
### No. 1596.

Circuit Court of Appeals, Tenth Circuit.
March 25, 1938.

John R. Parsons, of Wakeeney, Kan., for appellant.

Kenneth W. Wagner, of Topeka, Kan., and Paul W. Applegate, of Wakeeney, Kan. (W. H. Wagner and William Wagner, Jr., both of Wakeeney, Kan., on the brief), for appellees.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

Appellant filed a petition on June 24, 1936, for composition or extension of her debts under section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203. U. S. Miller and C. R. Hille were listed in the schedules as creditors holding securities, each having a mortgage upon separate land in Trego County, Kansas. Miller moved to dismiss the proceeding as to him and the

land covered by the mortgage in his favor on the ground that the mortgage was duly foreclosed and the land sold at sheriff's sale on December 24, 1934; that he became the purchaser; that a sheriff's certificate of purchase issued to him on December 27th; that the period of redemption had expired; that the relationship of debtor and creditor no longer existed between appellant and him; that the land covered by the mortgage was no longer an asset of the appellant; and that he was not a proper party to the proceeding. C. R. Hille and Henry G. Hille filed a similar motion reciting that the mortgage to C. R. Hille was duly foreclosed and the land sold on September 30, 1935; that they became the purchasers; that the sale was confirmed by order of the court and a sheriff's certificate duly issued on the same day; that they were the owners of the land and were not creditors of appellant; and that the bankruptcy court was without jurisdiction of the land or to interfere with the state court in the enforcement of its decree. The conciliation commissioner entered separate orders on August 4, 1936, sustaining the motions and withdrawing the lands from the proceeding. Appellant sought review of such orders. By order entered on December 21, 1936, the court sustained the orders of the commissioner and withdrew the lands covered by the respective mortgages from the proceeding. No appeal was taken from that order. On May 20, 1937, appellant filed a motion to reinstate Miller and Hille as creditors and to take jurisdiction of the lands covered by the mortgages. The motion was overruled on May 27th. Appellant sought and obtained an order of the court below allowing an appeal from that action. No appeal was sought or obtained from this court.

The order overruling the motion to reinstate is a proceeding in bankruptcy as distinguished from a controversy in bankruptcy. As such it can be reviewed only on appeal allowed by this court under section 24b of the Bankruptcy Act, as amended, 11 U.S.C.A. § 47(b). It cannot be reviewed on appeal allowed by the district court. Meyer v. Kenmore Granville Hotel Co., 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557; Wilkerson v. Cooch, 9 Cir., 78 F.2d 311; Hey v. Ward, 8 Cir., 84 F.2d 193; In re Combs, 2 Cir., 88 F.2d 417; Bank of American Nat. Trust & Savings Ass'n v. Cuccia, 9 Cir., 90 F.2d 100.

The appeal is footless for another reason. It is expressly taken from the order of May 27, 1937, overruling the motion to reinstate; but the errors assigned do not challenge that order. The assigned errors are directed to the order of December 21, 1936, withdrawing the lands covered by the mortgages from the proceeding. The time within which an appeal could be taken from that order had long since expired and it had become res judicata when this appeal was prayed and allowed. An order made in a proceeding in bankruptcy may be reviewed only on appeal from it, not on appeal expressly taken from a subsequent order entered after the time allowed for appeal from the former order has expired. In re Trust No. 2988 of Foreman Trust & Savings Bank, 7 Cir., 85 F.2d 942.

The appeal is dismissed.