## In re FEARHEILEY.

## FEARHEILEY v. BORAH et al.
### No. 6504.

Circuit Court of Appeals, Seventh Circuit.
May 24, 1938.

P. C. Walters, of Albion, Ill., for appellant.

Virgil W. Mills, of Fairfield, Ill., and Henry T. Martin and Bruce E. Brown, both of Chicago, Ill., for appellees.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

This is an appeal allowed by the District Court, from an order vacating an order approving a petition under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, dismissing the petition, and re-referring the cause to a referee in bankruptcy for administration in regular bankruptcy.

Appellant filed a petition in bankruptcy on January 14, 1937, stating his occupation as real estate broker. An order of adjudication was thereupon entered on the same day. On June 7, 1937, he filed a petition for relief under section 75. He set up in his petition the facts that he owned three lots which he occupied as a homestead, and a farm which he acquired in July, 1936, on which there was a mortgage of $1,000; that he had been a farmer practically all his life but lost his farms during the depression; that when he purchased the farm it was in a bad state of cultivation, and that he had cleaned it up, repaired fences and buildings, and assisted in planting a wheat crop; that he was engaged in raising hogs and chickens, and the principal part of his income was derived from farming operations. He also set up the facts that at the time he purchased the farm it was subject to an oil lease, one-half the royalties on which he sold to Borah, one of the appellees here; that Borah purchased for $50 certain notes for $1,400 which appellant owed to a closed bank, and then had judgment confessed on the notes, threatening that unless he would deed the farm and his remaining half of the royalties to Borah for $100 the latter would sell him out; that after the filing of his petition in January 1937, the value of the farm had increased materially, due to the bringing in of several producing oil wells in the vicinity, and that the farm had been tested by seismograph and the test indicated that it was on the oil structure. He therefore prayed that the order of adjudication in general bankruptcy be vacated, that the order of sale of his lands be stayed, and that his schedule of debts and assets filed in the general bankruptcy proceeding be adopted in the proceeding under section 75, and that proceedings be had in accordance with the provisions of section 75. On June 9, without notice to creditors, the court entered its order granting the relief prayed, and approving the petition for relief under section 75 as properly filed.

On July 16, appellees, creditors of the bankrupt, filed their petition for a hearing on the petition of the bankrupt, and that the order of approval be vacated. They alleged that appellant was not a farmer and was not engaged in farming, and called attention to the fact that in his original petition for adjudication in bankruptcy he had described himself, under oath, as a real estate broker; that he had listed no chickens or hogs in his schedule of assets but had scheduled as his only personal property household furniture and wearing apparel, a Model A Ford coupe, and certain small tools; and that he had made no effort to effect a composition or settlement with his creditors as required by section 75. They also alleged that he owned no horses, mules, tractors, or other

farming equipment, and that he had been employed for the past two years as a W. P. A. foreman, and for the last several years as a real estate dealer, and that his purchase of the real estate was not with the intention of farming it, but for the purposes of oil speculation.

Upon hearing on the two petitions, the court found that appellant was not entitled to the benefits of section 75, having been a licensed real estate dealer rather than a farmer for several years, and not having derived his income chiefly from farming. He also found that the debtor had no farming equipment, machinery or stock, and that he had paid no money for the land in question, having given a mortgage for its entire purchase price. He further found that, irrespective of the fact that the debtor was not a qualified applicant under section 75, there was no probability of rehabilitation and that the case was not within those contemplated by Congress as proper for relief. He therefore vacated his order approving the petition under section 75 and dismissed it, ordering the reinstatement of the cause as a proceeding in general bankruptcy.

Appellees have moved to dismiss the appeal on the ground that leave to prosecute it was not obtained from this court. They rely on Meyer v. Kenmore Granville Hotel Company, 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557, In re Combs, 2 Cir., 88 F.2d 417, certiorari denied Combs v. Richford Sav. Bank & Trust Co., 58 S.Ct. 16, 82 L.Ed. ——, and Wilkerson v. Cooch, 9 Cir., 78 F.2d 311. While the Kenmore Granville Case is not strictly in point, involving as it does, an appeal from an order *denying* a creditor's petition to dismiss a petition for reorganization, it is important here, in that it cites as authority the case of Vallely v. Northern Fire Insurance Co., 254 U.S. 348, 41 S.Ct. 116, 65 L.Ed. 297, a case which arose under the Bankruptcy Act prior to the amendments of 1933 and which held that an order vacating an order of adjudication and dismissing a petition in bankruptcy was appealable only under section 24b of the Act, 11 U.S.C.A. § 47(b), by leave of the appellate court. This, we think, is decisive of the question here involved, for we see no distinction between the vacating of an order of adjudication and dismissal of the proceedings, and the vacating of an order such as here involved, vacating an order approving a petition under section 75 and dismissing the petition.

In fact, we would say that the case here is even stronger for the dismissal of appeal allowed under section 25a, 11 U.S.C.A. § 48(a), in that in addition, the order here reinstated the proceeding in general bankruptcy. This cannot be construed as "a judgment adjudging or refusing to adjudge the defendant a bankrupt," appealable under section 25a. Hence we agree with appellees that the order is reviewable by us only by our leave, and since no such leave was obtained, the appeal must be dismissed. The Circuit Court of Appeals for the Second Circuit reached a similar conclusion under similar facts in the case, In re Combs, 88 F.2d 417.

Appeal dismissed.