In re SPENCER.

No. 6688.

District Court, E. D. Oklahoma.

Feb. 16, 1940.

Earl Bohannon, of Parsons, Kan., for creditor.

Paul D. Sullivan, of Duncan, Okl., for bankrupt.

RICE, District Judge.

This proceeding was brought originally under Section 75 of the 1933 Bankruptcy Act, 47 Stat. 1470. After the act was declared unconstitutional and the new law was passed the farmer again proceeded under Section 75 of the new law, 11 U.S.C.A. § 203, and was adjudicated a bankrupt and the property set aside to him under Section 75, sub. s. Rentals were fixed and paid by the farmer for the years 1936 and 1937. In March, 1938, the Prudential Insurance Company of America, the owner and holder of a real estate mortgage against the lands of the debtor, filed its motion to dismiss the proceedings in bankruptcy and permit it to prosecute its foreclosure action pending in the state district court. On a hearing before the Conciliation Commissioner it developed that

there was no reasonable hope of rehabilitation for the debtor; that since the beginning of the bankruptcy the debtor lacked approximately $1100 of meeting the interest charges and taxes. The creditor agreed that the debtor might continue to occupy his lands for the year 1939 in the event the proceedings were dismissed. The debtor agreed to this arrangement and on January 12, 1939, the court dismissed the bankruptcy proceedings. Since the dismissal of the proceedings the creditor has proceeded in foreclosure in the state court and has obtained a sheriff's deed to the lands involved.

Following the decision of the Supreme Court of the United States in John Hancock Mutual Life Insurance Company, Petitioner, v. Benno Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. —, decided December 4, 1939, the debtor files his motion to vacate the order entered on January 12, 1939, and to fully reinstate the proceedings, the basis of the motion being that this court was without jurisdiction to enter the order of January 12, 1939; that said order is void. The relief sought in the motion is that the court set aside the order above mentioned and fully reinstate this cause and order said property to be re-appraised, or for a hearing on the value, and to further proceed as provided in the Act of Congress in such cases made and provided.

Since the decision in the Bartels case, supra, much speculation has arisen as to the status of those cases dismissed by the courts prior to said decision. The motion filed herein by the debtor and the argument in support thereof is predicated upon the proposition that the order of this court entered on January 12, 1939, is void. On no other theory does the debtor have any standing in court at this time, as it is not contended that there was any appeal from the order of January 12, 1939. That was an order from which an appeal would lie. It is the same type of order as was entered in the United States District Court in the Bartels case and from which an appeal was taken to the Circuit Court of Appeals and finally to the Supreme Court of the United States. Said order has long since become final. At the time this order was entered courts generally were proceeding in this manner in the belief that the decisions of the Circuit Courts and the Supreme Court of the United States, particularly Wright v. Vinton Branch, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455, authorized such procedure. Since the decision in the Bartels case, however, it clearly appears that the courts proceeded erroneously.

The court in January, 1939, under the Bartels decision and under the decision of the Circuit Court of Appeals for the Tenth Circuit in Paradise Land & Livestock Company, a corporation, Bankrupt, appellant, v. Federal Land Bank of Berkeley, 108 F.2d 832, decided December 22, 1939, could have put an end to the stay theretofore granted and have proceeded to liquidate in a manner provided by law the estate of the debtor. The difference is merely a matter of procedure. For all practical purposes the same result would obtain.

The question now for consideration by the court is whether or not those orders dismissing the proceedings in bankruptcy and permitting the creditors to proceed in foreclosure in the state courts are void. If they are void then the debtors would be entitled to have their causes reinstated and the matters taken up and proceeded with in accordance with the Bankruptcy Act, particularly 75, sub. s. Such holding in my opinion would be tantamount to saying that the subsequent proceedings in the state courts likewise are void, for if the order of this court is void then the court never lost jurisdiction of the property involved and, consequently, there was no jurisdiction in the state courts to proceed.

There is nothing in the Bankruptcy Act, nor in the Bartels decision, in my opinion, that indicates that the order entered herein in January, 1939, is void. Admittedly the court had jurisdiction of the parties and of the subject matter. On that date the court was confronted with a motion filed in said cause, of which it had jurisdiction, and was called upon to take action on the motion. The court acted upon this motion in the manner that appeared to be proper in the light of the decisions then existing. Had the court overruled the motion no one could say that the court's action in that regard was void.

"A judgment dismissing a petition for composition or extension under the Bankruptcy Act, with respect to which no action was taken to secure a reversal, became binding on debtor whether judgment was right or wrong. * * *

"A judgment rendered in a case over which the court has jurisdiction both of subject matter and parties, is conclusive, whether right or wrong, between the same parties or between those in privity with them on the same claim or demand, not only as to every matter offered but as to every admissible matter which might have been offered to sustain or defeat the claim presented.

"The power to decide includes the power to decide erroneously.

"A judgment may be 'final' whether it is based on a determination of a question of law or a question of fact.

"A judgment dismissing a petition for composition or extension under the Bankruptcy Act on ground that statute under which petition was filed was unconstitutional was binding as a 'final judgment,' notwithstanding that it was allegedly not a determination of the controversy on the merits. * * *

"A judgment dismissing a petition for composition or extension under the Bankruptcy Act, on ground that statute under which petition was filed was unconstitutional, with respect to which no action was taken to secure a reversal, precluded reinstatement following Supreme Court's subsequent declaration that statute was constitutional." McWilliams v. Blackard, 8 Cir., 96 F.2d 43.

The above case is a complete authority for overruling the motion of debtor herein.

The Tenth Circuit Court of Appeals has likewise passed upon a similar matter in Marcy v. Miller, 95 F.2d 611, wherein it is held that where the time has expired for appeals from an order dismissing composition or extension proceedings as to parties listed as secured creditors and withdrawing from the proceeding lands covered by mortgages foreclosed by such parties, the order became res judicata of questions determined thereby and debtor could not obtain review thereof by assignments of error made on appeal from order overruling motion to reinstate such parties as creditors and to take jurisdiction of the lands. An order in bankruptcy may be reviewed only on appeal therefrom.

These two authorities, being on bankruptcy matters and so nearly like the matter now before the court, are considered sufficient authority on the proposition that the order of January 12, 1939, is not void. Many other citations of authority generally to the effect that an erroneous judgment is not a void judgment could be cited.

Neither the equities of the present case nor the spirit and purpose of the legislation in question require a reinstatement of this cause. Not only has the bankrupt remained in possession of his lands and delayed foreclosure in the state court for a period of four years under this and the prior act, but at the time his cause was dismissed he concurred in the dismissal under an agreement with his creditors. He should not, a year later, be heard to say that the action of the court, agreed to at the time by him, is void by reason of a change in judicial construction of the law involved.

The motion of the bankrupt now under consideration is overruled and the Clerk of this court is directed to enter an order to that effect.