**WALKINSHAW**

v.

**STATE OF PENNSYLVANIA.**

**Civ. A. No. 11913.**

United States District Court
W. D. Pennsylvania.

March 23, 1954.

No attorney for plaintiff.

H. F. Stambaugh, Harrisburg, Pa., for defendant.

GOURLEY, Chief Judge.

It appears that plaintiff was involved in an accident with another automobile and pursuant to departmental regulation received notice from the office of the Bureau of Highway Safety to appear for

9. Cornucopia Gold Mines v. Locken, 9 Cir., 150 F.2d 75.

special examination. The plaintiff ignored said notice and, by written communication, notified the Bureau of his refusal to attend, whereupon the Bureau withdrew plaintiff's operator's privilege.

Plaintiff received a de novo hearing in the Court of Common Pleas of Westmoreland County, which reversed the ruling of the Board. Appeal therefrom was taken to the Supreme Court of Pennsylvania, which sustained the action of the Board as being in conformity with Pennsylvania law. Commonwealth v. Walkinshaw, 373 Pa. 419, 96 A.2d 384.

Plaintiff petitions this court alleging a denial of constitutional rights by virtue of the Fourteenth Amendment of the United States and makes claim against the Commonwealth of an amount of $1,100 for damages suffered as a result of the alleged unconstitutional acts.

■ In view of the fact that the Pennsylvania Court had jurisdiction to adjudicate the rights of the plaintiff, plaintiff's petition for relief should have been by way of writ of certiorari to the Supreme Court of the United States.

■ The complaint fails to state the citizenship or residence of any of the parties and fails to allege facts to show that the action is brought in the proper venue. Federal Courts are courts of limited jurisdiction and the facts showing such jurisdiction must appear upon the record. A complaint which does not allege such facts should be dismissed. Runkle v. United States, 122 U.S. 543, 556, 7 S.Ct. 1141, 30 L.Ed. 1167; Vallely v. Northern Fire Ins. Co., 254 U.S. 348, 41 S.Ct. 116, 65 L.Ed. 297; Ex parte Bergdoll, D.C.Cir., 274 F. 458, 462.

But even assuming venue to exist, I am compelled to conclude that no constitutional rights were violated.

■ It is no longer open to dispute that a state in the exercise of its police power may impose reasonable restrictions upon the use of its highways without running afoul of the due process clause of the United States Constitution. Maurer v. Hamilton, 309 U.S. 598, 60 S.Ct. 726, 84 L.Ed. 969; South Carolina State Highway Department v. Barnwell Brothers, Inc., 303 U.S. 177, 58 S.Ct. 510, 82 L.Ed. 734.

■ Ample opportunity was afforded plaintiff to appear before the Board as duly constituted by the Secretary of Revenue. If any irregularity existed in the original administrative proceeding, such defect was rectified when the Court of Common Pleas of Westmoreland County heard the entire matter de novo upon appeal. Commonwealth v. Emerick, 373 Pa. 388, 96 A.2d 370; Commonwealth v. Eisenmenger, 365 Pa. 127, 74 A.2d 173.

The hearing de novo in said court protected plaintiff against an arbitrary exercise of power on the part of the Secretary. It gave defendant his day in court, and with it the right to present every available defense which he possessed against the suspension of the license. Regardless of whether he was accorded a proper hearing before the Secretary, it is certain that the hearing de novo remedied the infringement of any constitutional right of which defendant may have been deprived. Commonwealth v. Cronin, 336 Pa. 469, 9 A.2d 408, 125 A.L.R. 1455.

■ In connection with plaintiff's suit for damages against the Commonwealth of Pennsylvania, the law is well settled that a state may not be sued by a citizen or resident thereof without its consent. Hans v. State of Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842; U. S. v. State of Minnesota, 270 U.S. 181, 195, 46 S.Ct. 298, 70 L.Ed. 539; Principality of Monaco v. State of Mississippi, 292 U.S. 313, 54 S.Ct. 745, 78 L.Ed. 1282; Georgia R. & Banking Co. v. Redwine, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335.

Motion to dismiss will be granted.