**In re HORNER.**

**HORNER v. SECOND NAT. BANK OF BELOIT, WIS.**

No. 6840.

Circuit Court of Appeals, Seventh Circuit.
May 29, 1939.

John R. Snively, of Rockford, Ill., for appellant.

Counsel for appellee not present and submitting no briefs.

Before EVANS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal from a judgment in a proceeding by petitioner-appellant for a composition or extension of his debts under Section 75(r) of the Bankruptcy Act.[1] The petitioner alleged in his petition that he was primarily and in good faith "engaged in producing products of the soil." The petition was approved as properly filed and referred to a Conciliation Commissioner. The Second National Bank of Beloit, Wisconsin, a secured creditor, filed an answer with the court which denied the facts alleged in the petition and prayed for a hearing. The Conciliation Commissioner, over objection, heard testimony of witnesses and filed a report. The Commissioner concluded and recommended in his report that the debtor was not a farmer within the meaning of Section 75 (r) and recommended that the petition be dismissed. Petitioner's motion to strike the report and his exceptions thereto were overruled and his petition was denied. The debtor appeals.

It is petitioner's contention on appeal (1) that the Conciliation Commissioner was without authority to conduct a hearing on the question of jurisdiction; and (2) that the evidence which was heard and upon which the Commissioner's report was predicated establishes that the debtor was a farmer within the meaning of Section 75(r) of the Bankruptcy Act.

The creditor concedes that the issue of want of jurisdiction can be heard only by the judge or by a special master to whom the question has been referred; but the creditor insists that in view of the absence of any controversy about the facts, as they were disclosed by the report of the Commissioner, no harm could have been done to petitioner's cause since the Court had before it all the material facts which would have been presented if the case had been heard originally by the Court.

We are of the opinion that, for purposes of this appeal, we can treat the hearing before the District Court on the report of the Commissioner as if it had been an original hearing.

The Commissioner's summary of the evidence discloses that the debtor resided on a portion of the land in question, consisting of approximately seven acres; that in addition to the debtor's dwelling there was a small greenhouse and another building used for various purposes; that on the premises was a small truck garden, a small orchard, and a small berry patch; and that the balance of the land was at times used for raising corn and small grain for debtor's own use. The evidence further shows that the debtor performed all kinds of odd jobs, including farm labor, and that this took approximately one-fourth of his time and that in the year prior to that period of time covered by the period of redemption the debtor op-

---

[1] 11 U.S.C.A. § 203(r).

erated a truck garden for his own use and that the principal part of his income was from plants that he raised in a greenhouse situated upon the premises in question.

It is clear from the evidence that the debtor was producing substantially all of the living for himself and family by cultivation of products of the soil, if we include within the foregoing the production of the plants in the greenhouse.

Originally Section 75(r), 47 Stat. 1473, defined a farmer as follows: "For the purpose of this section and section 74, the term 'farmer' means any individual who is personally bona fide engaged primarily in farming operations or the principal part of whose income is derived from farming operations, and includes the personal representative of a deceased farmer * *." The foregoing definition was clarified, and enlarged, by the amendment of 1935, 11 U.S.C.A. § 203(r) as follows: "For the purposes of this section, section 4 [22] (b), and section 74 [202], the term 'farmer' includes not only an individual who is primarily bona fide personally engaged in producing products of the soil, * * * or the principal part of whose income is derived from any one or more of the foregoing operations. * * *"

Under the earlier phraseology of the act the courts naturally, and soundly, determined the meaning of "farmer" in the light of the traditional concept of "farming operations." The amendment discloses an intention to eliminate the traditional concept by substituting for the phrase "in farming operations" the more general phraseology "in producing products of the soil." The obvious intention of Congress was noted in the case of First National Bank v. Beach.[2] The test under the earlier act was stated in the Beach case as follows: "Was respondent a farmer because 'personally bona fide engaged primarily in farming operations' or because 'the principal part of his income was derived from farming opera-

tions?'" The test under the present language of the act, for purposes of this case, must be: Was the petitioner either "primarily bona fide personally engaged in producing products of the soil" or was the principal part of his income derived from his activities "in producing products of the soil?"

We are of the opinion that the production of plants by the debtor in his greenhouse, as well as the producing of products from his truck gardening, constituted being "engaged in producing products of the soil" for the purposes of Section 75(r), as amended. The value of the products of the soil which are consumed by the producer and his family constitute a part of his income from "producing products of the soil" as truly as if such products had been exchanged for money. The production of "plants" may constitute a complete operation in the "producing of products from the soil" as respects the activity and the source of income of a particular individual. It is clear that one is engaged in producing products of the soil who is engaged exclusively in raising tomato plants to sell to others who actually "grow" the tomatoes for market. The amount of acreage cultivated may enter into the question of amount of income; but in the instant case it is agreed that debtor derives the principal part of his income from the production of plants. In addition to the foregoing he supplies a part of the family living from the products of truck gardening.

We conclude that the undisputed facts disclose that, for the purpose of Section 75(r), the debtor was "primarily bona fide personally engaged in producing products of the soil" and that the principal part of his income was derived therefrom. The trial court erred in its holding that the debtor was not entitled to the privileges and benefits of the act.

The judgment of the District Court is reversed.

---

2 301 U.S. 435, 57 S.Ct. 801, 803, 81 L. Ed. 1206.